State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 21260138
Date: Aug 27 2008 5:41PM
Mark Harper, Clerk

## IN THE STATE COURT OF FULTON COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| Annie Carter Boykin, Individually and<br>As Surviving Spouse of Christopher Boykin,<br>And as Administrator for the<br>Estate of Christopher Boykin | ) <br> ) <br> ) <br> ) <br> ) | |
| **Plaintiff,** | ) <br> ) | **CIVIL ACTION** |
| v. | ) <br> ) | **FILE NO. _____** |
| Tenet South Fulton, Inc. d/b/a/<br>South Fulton Medical Center,<br>South Fulton Medical Center, L.LC.<br>Clifton Lavenhouse, M.D.,<br>Apollo MD, L.L.C., Apollo MD Physician<br>Services GA, L.L.C., Apollo MD Physician<br>Services NC, L.L.C, Renee Smalls, R.N.,<br>John Doe 1, M.D., and<br>John Does 2-3. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | <u>**JURY TRIAL DEMANDED**</u> |
| **Defendants.** | ) <br> ) | |

### PLAINTIFF'S ORIGINAL COMPLAINT FOR WRONGFUL DEATH, MEDICAL MALPRACTICE, NEGLIGENCE, RESPONDEAT SUPERIOR & FRAUD

**COMES NOW**, Annie Carter Boykin, Individually and as Surviving Spouse of Christopher Boykin, Decedent, by and through the undersigned counsel, files this Complaint for Wrongful Death, Medical Malpractice, Negligence, Respondeat Superior and Fraud against the above named Defendants and shows unto the Honorable Court and Jury the following:

### IDENTIFICATION OF PARTIES, JURISDICTION AND VENUE

1.

At all times material hereto, it is believed that all of the facts and circumstances giving rise to this Complaint occurred in Fulton County, East Point, Georgia 30344.



DEFENDANT'S EXHIBIT
A

2.

Plaintiff Mrs. Annie Carter Boykin (hereinafter: "Mrs. Boykin"), Individually and in her Representative capacity, is the surviving spouse of Christopher Boykin. Mrs. Boykin resides at 3804 Cabana Club Boulevard No.: 104, Mobile County, Mobile, Alabama 36609.

3.

Defendant Tenet South Fulton, Inc. d/b/a South Fulton Medical Center is a domestic professional corporation licensed to do business in the State of Georgia. Tenet South Fulton, Inc. d/b/a South Fulton Medical Center may be served through its registered agent for service of process, CT Corporation at 1201 Peachtree Street, N.E., Fulton County, Atlanta, GA 30361, and is subject to the venue and jurisdiction of this Court.

4.

Defendant South Fulton Medical Center, L.L.C. is a limited liability corporation licensed to do business in the State of Georgia and is located at 1170 Cleveland Avenue, Fulton County, East Point, Georgia 30344. South Fulton Medical Center, L.L.C. may be served through its registered agent for service of process, Jamal Bahhur at 777 Cleveland Avenue, Fulton County, Atlanta, GA 30315, and is subject to the venue and jurisdiction of this Court.

5.

Defendant Clifton Lavenhouse, M.D. (hereinafter "Defendant Lavenhouse" or Dr. Lavenhouse"), is a physician who transacts business in and has his primary office at 228 Basset Hall Drive, Durham County, Durham, North Carolina 27713, the loss described herein occurred in Fulton County, Georgia, and Dr. Clifton Lavenhouse is subject to the jurisdiction and venue of this Court as a joint-tortfeasor with Defendant Tenet South Fulton, Inc. d/b/a South Fulton Medical Center and South Fulton Medical Center, L.L.C. pursuant to O. C. G. A. § 9-10-31 (a).

2

6.

At all times relevant to the care and treatment of Christopher Boykin, Defendant

Lavenhouse was an employee and/or agent and/or ostensible agent and/or partner and/or member

and/or shareholder of the Apollo MD L.L.C. or Apollo MD Physician Services GA, L.L.C. or

Apollo MD Physician Services NC, L.L.C. (hereinafter: collectively referred to as "Apollo

MD"[1]). As such, Tenet South Fulton, Inc. d/b/a South Fulton Medical Center, South Fulton

Medical Center L.L.C. (hereinafter: collectively referred to as "South Fulton"[2]) and/or Apollo

MD is responsible for the negligent acts of Defendant Lavenhouse under the theories of agency

and Respondent superior. Defendant Dr. Lavenhouse is subject to jurisdiction and venue of this

Court.

7.

Defendant Apollo MD, L.L.C. is a registered corporation licensed to do business in the

State of Georgia and is located at 5665 New Northside Drive, Suite 320, Fulton County, Atlanta,

Georgia 30328. Apollo MD, L.L.C. may be served through its registered agent for service of

process Gerald Bortolazzo at 5226 Old Mountain Lane, Cobb County, Powder Springs, Georgia

30127, and is subject to jurisdiction and venue of this Court.

8.

Defendant Apollo MD Physician Services GA, L.L.C. is the registered corporation

licensed to do business in the State of Georgia and is located at 5665 New Northside Drive, Suite

320, Fulton County, Atlanta, Georgia 30328. Apollo MD Physician Services GA, L.L.C. may be

---

[1] It is believed that Dr. Lavenhouse is an employee and/or agent and/or ostensible agent and/or partner and/or member and/or shareholder of the Apollo MD or Apollo MD Physician Services GA or Apollo MD Physician Services NC. Moreover, when Plaintiff uses the name of one "Apollo" it should be deemed to apply to all.

[2] It is believed that Tenet South Fulton and South Fulton Medical Center, L.L.C. are the same facility licensed under two names and therefore Plaintiff will treat them as one in the same. As such, throughout this complaint the "two" should be read interchangeably.

3

served through its registered agent for service of process Gerald Bortolazzo at 5226 Old

Mountain Lane, Cobb County, Powder Springs, Georgia 30127, and is subject to jurisdiction and

venue of this Court.

9.

Defendant Apollo MD Physician Services NC, L.L.C. is a registered corporation licensed

to do business in the State of Georgia and is located at 2000 Aerial Center Parkway, Suite 104,

Wake County, Morrisville, North Carolina 27560. Apollo MD Physician Services NC, L.L.C.

may be served through its registered agent for service of process Gerald Bortolazzo at 5226 Old

Mountain Lane, Cobb County, Powder Springs, Georgia 30127, and is subject to jurisdiction and

venue of this Court.

10.

Defendant Renee Smalls, R.N. (hereinafter "Defendant Smalls" or "Nurse Smalls") is a

registered nurse who transacts business in Fulton County, Georgia, and the loss described herein

occurred in Fulton County, Georgia. Nurse Smalls may be served with process at her residence:

930 Stoney Creek Lane, Cobb County, Austell, Georgia 30168. Defendant Nurse Smalls is

subject to jurisdiction and venue of this Court.

11.

Defendant John Doe 1, M.D. (hereinafter referred to as "Defendant Doe 1") is a medical

doctor whose identity is unknown to Plaintiffs at the present time. He/She did, or may have

committed tortious acts in the State of Georgia and is subject to the jurisdiction of this Court.

He/She will be served as soon as his/her identity is revealed by Defendant South Fulton Medical

Center or Apollo MD through discovery. However, Plaintiffs have reason to believe that

Defendant Doe 1 may be a former or current, partner, member, employee, shareholder or agent

of Defendant Tenet South Fulton, Inc. d/b/a South Fulton Medical Center and/or South Fulton

4

Medical Center, L.L.C. or Apollo MD and are serving their registered agents CT Corporation at 1201 Peachtree Street, N.E., Fulton County, Atlanta, GA 30361; Jamal Bahhur at 777 Cleveland Avenue, Fulton County, Atlanta, GA 30315; and Gerald Bortolazzo at 5226 Old Mountain Lane, Cobb County, Powder Springs, Georgia 30127, respectively with an additional copy of the Complaint. Defendant John Doe 1, M.D. is subject to jurisdiction and venue of this Court. Further, Plaintiffs will serve a copy of this Complaint upon Dr. Oladayo Osinuga at 3290 Memorial Drive, Suite A1, Decatur, Dekalb County, Georgia 30032 requesting that said Dr. Osinuga deliver the same to Defendant Doe 1, as Dr. Osinuga should be knowledgeable as to the identity of Defendant Doe 1, and stating that both companies are responsible for the actions of its agents/employees under the doctrine of *respondeat superior*. Defendant John Doe 1 is subject to jurisdiction and venue of this Court.

12.

Defendant John Doe 2, (hereinafter referred to as "Defendant Doe 2") is a health care provider whose identity is unknown to Plaintiffs at the present time. He/She did, or may have committed tortious acts in the State of Georgia and is subject to the jurisdiction of this Court. He/She will be served as soon as his/her identity is revealed by Defendant South Fulton Medical Center through discovery. However, Plaintiffs have reason to believe that Defendant Doe 2 may be a former or current partner, member, shareholder, employee, or agent of Defendant Tenet South Fulton, Inc. d/b/a South Fulton Medical Center and/or South Fulton Medical Center, L.L.C. and is serving their registered agents CT Corporation at 1201 Peachtree Street, N.E., Fulton County, Atlanta, GA 30361, and Jamal Bahhur at 777 Cleveland Avenue, Fulton County, Atlanta, GA 30315. Further, Plaintiffs will serve a copy of this Complaint upon the Chief Executive Officer of Tenet South Fulton, Inc. d/b/a South Fulton Medical Center, John Holland,

5

at 13737 Noel Road, Suite 100, Dallas County, Dallas, Texas 75240 and the Chief Exective

Officer of South Fulton Medical Center, L.L.C, Penny Santhanam, at 859 Carnellian Lane,

Fayette County, Peachtree City, Georgia 30269, requesting that said Chief Executive Officer

deliver the same to Defendant Doe 2, as the Chief Executive Officer should be knowledgeable as

to the identity of Defendant Doe 2 , and, stating that both companies are responsible for the

actions of its agents/employees under the doctrine of *respondeat superior*. Defendant Doe 2 is

seemingly identified within patient Christopher Boykin's records as "WH." Defendant Doe 2 is

subject to jurisdiction and venue of this Court.

13.

At all times relevant to the care and treatment of Christopher Boykin, Defendant Doe 2 is

believed to be an employee and/or agent and/or ostensible agent and/or partner and/or member

and/or shareholder of Defendant South Fulton Medical Center. As such, Defendant South Fulton

Medical Center is responsible for the negligent acts of Defendant Doe 2 under the theories of

agency and *respondeat superior*.

14.

Defendant John Doe 3, (hereinafter referred to as "Defendant Doe 3") is a health care

provider whose identity is unknown to Plaintiffs at the present time. He/She did, or may have

committed tortious acts in the State of Georgia and is subject to the jurisdiction of this Court.

He/She will be served as soon as his/her identity is revealed by Defendant South Fulton Medical

Center through discovery. However, Plaintiffs have reason to believe that Defendant Doe 3 may

be a former or current partner, member, shareholder, employee, or agent of Defendant Tenet

South Fulton, Inc. d/b/a South Fulton Medical Center and/or South Fulton Medical Center, L.L.C

and is serving their registered agents CT Corporation at 1201 Peachtree Street, N.E., Fulton

6

County, Atlanta, GA 30361, and Jamal Bahhur at 777 Cleveland Avenue, Fulton County,

Atlanta, GA 30315. Further, Plaintiffs will serve a copy of this Complaint upon the Chief

Executive Officer of Tenet South Fulton, Inc. d/b/a South Fulton Medical Center, John Holland,

at 13737 Noel Road, Suite 100, Dallas County, Dallas, Texas 75240 and the Chief Executive

Officer of South Fulton Medical Center, L.L.C, Penny Santhanam, at 859 Carnellian Lane,

Fayette County, Peachtree City, Georgia 30269, requesting that said Chief Executive Officer

deliver the same to Defendant Doe 3, as the Chief Executive Officer should be knowledgeable as

to the identity of Defendant Doe 3 , and, stating that both companies are responsible for the

actions of its agents/employees under the doctrine of *respondeat superior*. Defendant Doe 3 is

seemingly identified within patient Christopher Boykin's records as "HM." Defendant Doe 3 is

subject to jurisdiction and venue of this Court.

15.

At all times relevant to the care and treatment of Christopher Boykin, Defendant Doe 3 is

believed to be an employee and/or agent and/or ostensible agent and/or partner and/or member

and/or shareholder of Defendant South Fulton Medical Center. As such, Defendant South Fulton

Medical Center is responsible for the negligent acts of Defendant Doe 3 under the theories of

agency and *respondeat superior*.

16.

Jurisdiction is proper in the State of Georgia for Defendants as each named Defendant is

either a resident of the State of Georgia and/or is a foreign corporation authorized to do business

within the State of Georgia. Venue is proper in Fulton County, Georgia pursuant to inter alia,

Art. 6 Sec. 2, Par. 4 of the Constitution of the State of Georgia as at least one named Defendant

7

is a resident of Fulton County, Georgia and the remaining Defendants are joint tortfeasors with said resident Defendant.

## FACTUAL ALLEGATIONS

17.

Plaintiff incorporates and re-alleges each and every allegation contained in Paragraph one (1) through seventeen (17) above as if fully set out herein.

18.

On or about August 27, 2006, at 6:14 p.m., Mr. Christopher M. Boykin, husband of Annie Carter Boykin, arrived at the Emergency Department of South Fulton via ambulance from the Atlanta Airport where he was denied boarding privileges on said plane due to airline stewardess stating his face was drooping and it appeared as though he was having or had experienced a stoke.

19.

Upon transport to Defendant South Fulton, Mr. Boykin made verbal responses complaining of: generalized weakness, associated diaphoresis, facial droop, and difficulty to ambulate.

20.

Upon arrival to the Emergency Department, according to emergency medical services records, the patient was alert and oriented but there was obvious right-sided facial droop. Mr. Christopher M. Boykin was seen and evaluated by Defendant Clifton Lavenhouse, M.D. Dr. Lavenhouse diagnosed/noted that Mr. Boykin had CVA.

8

21.

At all times relevant hereto, Dr. Lavenhouse was treating patients, including Mr. Boykin, in the emergency department at South Fulton Medical Center.

22.

As a result of said diagnosis, Defendant South Fulton Medical Center's standard protocol for a stroke was not followed.

23.

Seemingly, South Fulton Medical Center's protocol for patients experiencing chest pain (ie: heart attack) was not followed either as the patient, Mr. Boykin, was never given "oxygen" or "nitrate."

24.

Mr. Boykin was ultimately admitted as an inpatient at South Fulton Medical Center on August 27, 2006 at or about 6:44 p.m.

25.

At or about 7:51 p.m., Dr. Lavenhouse ordered a brain CT Scan of the head. No MRI or any additional diagnostic tests were ordered by Dr. Lavenhouse although the medical chart entry recommends further evaluation by MRI.

26.

The CT Scan results were issued and the same results were reported to Dr. Lavenhouse.

27.

Said CT Scan of Mr. Boykin's head, taken on August 27, 2006 revealed: subtle hypodensity/loss of gray-white junction in right frontal cortex, no bleeding was noted within the medical records.

28.

Radiology interpreted the CT Scan as: possible old lacunar infarct in the right lobe with a small area of possible lacunar infarct in the left aspect of the brainstem.

29.

The clinical examination of Mr. Boykin coupled with his presenting symptoms warranted a **complete** evaluation for additional diagnostic testing to include but not limited to: TIA, stroke and possible cerebrovascular disease.

30.

Dr. Lavenhouse failed to properly diagnose and treat Mr. Boykin's medical condition.

31.

At the time of Mr. Boykin's admission to South Fulton Medical Center, **no** Admissions Assessment was initially performed by the emergency department nurse/staff or anyone else at South Fulton, which led to Mr. Boykin receiving an incorrect initial Fall Assessment.

32.

Specifically, a Morse Fall Scale/Risk Screening was not performed upon admission and/or on August 27, 2006 at **all**. Said fall/risk screening was seemingly taken after Mr. Boykin had fallen.

33.

At 8:47 p.m. on August 27, 2006, 325 mg of Aspirin and Metoprolol 5 mg was ordered and administered by Dr. Lavenhouse.

34.

Seemingly, between 8:49 p.m. and 10;00 p.m.[3], Dr. Osinuga admitted Christopher

Boykin to his service, and care of said patient should have been transferred.[4]

35.

At 9:34 p.m., Defendant Lavenhouse ordered Heparin Bolus 5000 units IVP now x 1; and

Heparin Protocol 15u/kg/hr for patient Christopher Boykin.

36.

At 9:38 p.m., Tylenol 1 gram oral was ordered by Defendant Lavenhouse.

37.

During initial evaluation, patient, Christopher Boykin "gait" was never tested.

38.

Within six (6) hours of being admitted by Dr. Osinuga, Christopher Boykin became

increasingly mentally altered and delirious and he was found on the floor trying to ambulate.

39.

Within said six (6) hours, Defendant Nurse Smalls' notes that at or about 2:30 a.m. on

August 28, 2006, "patient trying to ambulate with difficulty secondary to weakness." (Note:

Patient was on a Heparin drip at the time and no changes were made to patient's fall status.)

40.

Defendant Nurse Renee Smalls' notes make no mention of putting up a bed side-rail(s)

before or after said fall.

---

[3] Depending on which medical note you follow.
[4] From the records, even after said transfer, Dr. Lavenhouse continued to treat and prescribe medications for the defendant. Plaintiff uses "seemingly" in places where there are obvious time contradictions within the patient's certified medical chart.

41.

Defendant Smalls' initial intake clearly has numerous time entry discrepancies when read in conjunction with Mr. Boykin's complete certified medical chart. Defendant Smalls' note states patient found on floor at 5:30 a.m. with a new complaint of: "left side weakness."

42.

On the early morning of August 28, 2006, Christopher Boykin developed an acute decrease in mental status after the fall that resulted in a laceration to the side of his head.

43.

Several medical doctors documented the fall, to include but not limited to: Dr. Sandea Greene, Neurosurgeon and Dr. Lorin J. Freeman, Neurologist. Dr. Sandea Grenne states: "During his hospital stay, patient sustained a fall and then had a decrease in mental status."

44.

No one can state with certainty how long Mr. Boykin was helpless on the floor.  Mr. Boykin was not monitored closely and was not observed again by any of the doctors, nurses and other medical professional(s) and/or personnel of South Fulton until he was discovered later, on the floor of his hospital room.  At all times relevant hereto, South Fulton Medical Center had a staff nurse on duty who was responsible for monitoring Mr. Boykin.

45.

Neurologist Dr. Lorin J. Freeman, member of South Fulton Medical Center Stroke Team at the time, states the following in his Consultation Report dated August 28, 2006:

a)     "He was started on Heparin in the Emergency Room;"

b)     Underlying cause of the intracranial hemorrhage could be related to "the effect of Heparin, an undiagnosed AVM, tumor (less likely given the apparently normal CT before the event);" and

12

c)      The event most likely started out as a stroke.

46.

As a result of the fall and trauma Mr. Boykin sustained, Mr. Boykin underwent a repeat
CT Scan, which shows a large right MCA hemorrhagic.

47.

Specifically, computed tomography scan (CT Scan) was performed after the fall on
August 28, 2006 and revealed: a significant amount of mass effect, right to left shift of about
three (3) centimeters; and a **large (8x5x6cm bleed ~ 96cc) bleed** in the right frontal region with
ventricular extension.

48.

As a result of the bleed in Christopher Boykin's head/brain, on August 28, 2006, Heparin
was discontinued and FFP was ordered to reverse the effects of the Heparin

49.

FFP was administered to Mr. Boykin to reverse the Heparin.

50.

Surgical drainage of the bleed (an emergency craniotomy for evacuation of hematoma)
was required and performed.

51.

Surgical Pathology revealed: "fresh blood" and "tiny bone fragment," which would be
consistent with a recent hard fall.

52.

On August 28, 2006, post surgical procedure, Christopher Boykin was taken to the ICU
where he was a "grossly unresponsive gentleman, incubated, and on ventilator."

13

53.

At or about this time, Dr. Agbogu discontinued the Aspirin (anticoagulant) which Defendant Lavenhouse originally ordered and administered to Mr. Boykin.

54.

Note of August 30, 2006, Dr. Akinwole Awujo was consulted and found that Christopher Boykin was suffering from anemia related to excess bleeding.

55.

On August 31, 2006, at or about 6:30 a.m., Christopher Boykin experienced a cardiac arrest and was pronounced dead at 6:47 a.m.

56.

While treating Mr. Boykin, all of the above named defendant(s), doctors, and nurses were acting within the course and scope of his/her authority as an agent and/or employee of Defendant South Fulton Medical Center. Defendant South Fulton Medical Center is liable for any negligent acts or omissions of the defendant(s), doctors, and nurses named hereinabove to include but not limited to Defendants Lavenhouse and Defendant Smalls.

57.

At all times relevant hereto, Defendants John Does 1 through 3 and its agents and/or employees, were acting within the course and scope of their authority as agents and/or employees of South Fulton Medical Center. Defendant South Fulton Medical Center is therefore liable for any negligent acts or omissions of Defendants John Does 1 through 3 and its agents and/or employees.

58.

At all times relevant hereto, Defendants John Does and its agents and/or employees, were acting within the course and scope of their authority as agents and/or employees of Apollo MD. Defendant Apollo MD is therefore liable for any negligent acts or omissions of Defendants John Does and its agents and/or employees.

59.

As the direct and proximate result of the negligence of the above named Defendants and other agents, servants, and employees of Defendant South Fulton Medical Center acting within the scope of their employment, the Defendant is liable in damages to Plaintiff for its professional negligence, and Defendant South Fulton Medical Center is liable in damages under the doctrine of *respondeat superior* to the Plaintiff, discussed further intra.

60.

As the direct and proximate result of the negligence of the above named Defendants and other agents, servants, and employees of Defendant South Fulton Medical Center and all employees of Apollo MD acting within the scope of their employment, the Defendants are liable in damages to Plaintiff for their professional negligence, and Defendant South Fulton Medical Center and all employees of Apollo MD are liable in damages under the doctrine of *respondeat superior* to the Plaintiff for the following causes of action:

## COUNT I – WRONGFUL DEATH- ALL DEFENDANTS

61.

Plaintiff incorporates and re-alleges each and every allegation contained in Paragraph one (1) through sixty-one (61) above as if fully set out herein.

15

62.

Under Count I for Wrongful Death, as the direct and proximate result of the negligence of the above named Defendants, fifty-five (55) year old Mr. Christopher M. Boykin suffered an untimely death on August 31, 2006; therefore, depriving him of living at least twenty (20) years of his expected life in the comfort of his wife, child(ren), family and friends.

63.

Plaintiff Mrs. Boykin brings this action Individually as the Surviving Spouse of Christopher M. Boykin's to recover the full value of the life of her husband Christopher M. Boykin, including all economic and non-economic damages allowed by Georgia law, as will be shown by the evidence in this case.

## COUNT II – MEDICAL MALPRACTICE- DEFENDANT LAVENHOUSE

64.

Plaintiff incorporates and re-alleges each and every allegation contained in Paragraph one (1) through sixty-four (64) above as if fully set out herein.

65.

Under Count II for Medical Malpractice, in accordance with O.C.G.A. § 51-1-27, Defendant Lavenhouse owed to Mr. Boykin a duty to exercise that degree of skill and care employed by physicians generally under similar conditions and like surrounding circumstances.

66.

Defendant Lavenhouse deviated from and fell below that degree of skill and care employed by physicians generally under similar conditions and like surrounding circumstances during his evaluation and treatment of Mr. Boykin.

16

67.

Defendant Lavenhouse carelessly and negligently, and in deviation from the standard of care; failed to appropriately and timely diagnose, care for, and treat Mr. Boykin which resulted in his untimely death.

68.

Defendant Lavenhouse carelessly, negligently and grossly failed to prevent Mr. Boykin from suffering a devastating fall by failing to complete a timely and accurate fall assessment which resulted in his untimely death.

69.

As a direct and proximate cause of the negligence of Defendant Lavenhouse, Mr. Boykin was inadequately monitored resulting in a fall causing a laceration and bone fragments to become dislodged in his brain cavity as well as bleeding in his brain, making it necessary for him to undergo an emergency craniotomy prior to suffering an untimely death.

70.

Defendant Lavenhouse carelessly and negligently failed to prescribe the proper medication to Mr. Boykin and in fact prescribed medication, which when coupled with the fall exacerbated his brain bleed resulted in Mr. Boykin's untimely death.

71.

As a direct and proximate result of the negligence of Defendant Lavenhouse, Mr. Boykin suffered great physical and mental pain and suffering, incurred medical, hospital and nursing expenses.

17

72.

The negligence of the medical staff of the Defendant South Fulton Medical Center, including that of Defendant Lavenhouse and other agents, employees, and servants of South Fulton Medical Center acting within the scope of their employment as stated above, was a contributing and proximate cause of the death of Mr. Boykin.

73.

The above named Defendant(s) are liable in damages to the Plaintiff for their professional negligence and Defendant South Fulton Medical Center and all employees of all Apollo MD[5] named above are liable in damages to the Plaintiff *respondeat superior* for the professional negligence of its agents, employees, and servants acting within the scope of their employment.

74.

The treatment afforded Mr. Boykin by the medical staff of South Fulton Medical Center, including that of Defendant Lavenhouse and other agents, employees, and servants of Defendant South Fulton Medical Center and all employees of Apollo MD named above, acting within the scope of their employment, was negligent and fell below the standard of medical care adhered to by physicians, nurses, and hospitals generally under like circumstances in at least the following areas:

    a)    Failing to diagnose and treat the medical condition of Mr. Boykin; Specifically, failing to properly diagnose the patient; specifically, patient was diagnosed as CVA vs. Stroke or TIA;

    b)    Failing to do a neurological consult[6];

---

[5] It is believed that Defendant Lavenhouse may have been an employee or contractor through one of the Defendant(s) Apollo MD.

[6] Mr. Boykin's neurological status should have been watched more closely and a neurosurgical consultation should have been performed immediately, considering Mr. Boykin's apparent neurological problems. Mr. Boykin's should

c)   Failing to perform and/or supervise an initial fall assessment (Morse Fall Scale/Risk Screening) considering the patient's weak state and difficulty ambulating upon initial presentation to the Emergency Department;

d)   Failing to perform a "gait" test on the patient initially at a minimum making certain that someone on the medical staff performed the same in order to make the proper fall assessment; and

e)   Failing to ensure adequate supervision of Mr. Boykin thus allowing Mr. Boykin's to fall.

## COUNT III - MEDICAL MALPRACTICE- DEFENDANT SOUTH FULTON MEDICAL CENTER

75.

Plaintiff incorporates and re-alleges each and every allegation contained in Paragraph one (1) through seventy-five (75) above as if fully set out herein.

76.

Under Count III for Medical Malpractice, Mr. Boykin reported to Defendant South Fulton Medical Center with dizziness and a drooping face which was noted by a non-medical person and Defendant Nurse(s) ("WH" and/or "HM" and/or Nurse Smalls) failed to properly conduct an accurate Admissions Assessment which would have accurately assessed the fall safety risk and other safety risks associated with Mr. Boykin as a patient at South Fulton Medical Center.

---

have been monitored more closely at a minimum and if the hospital did not have adequate staff taken to the ICU or remained in the Emergency Department where he could be more closely monitored. A follow-up MRI would have more likely than not demonstrated a stroke, and immediate treatment would have more likely than not prevented the subsequent death of Mr. Boykin.

77.

Plaintiff has attached to this Complaint, in compliance with O. C. G. A. § 9-11-9.1, and hereby incorporates by reference within this Complaint, the signed and sworn affidavits of two (2) licensed and practicing medical doctors, Berkman Gordon and David E. Strong, who have reviewed the records in this case and are of the following medical opinion: (See Attachment "A" and Attachment "B").

78.

The treatment afforded Mr. Boykin by the medical staff of South Fulton Medical Center, including that of all treating nurses and or floor nurse (collectively referred to herein as "Defendant Nurses"[7]) and other agents, employees, and servants of South Fulton Medical Center acting within the scope of their employment, was negligent and fell below the standard of medical care adhered to by nurses and hospitals generally under like circumstances, in the following areas: (See Attachment "A" & "B")

a)   Failing to perform an initial fall assessment (Morse Fall Scale/Risk Screening) considering the patient's weak state and difficulty ambulating upon initial presentation to the Emergency Department;

b)   Failing to perform a "gait" test on the patient initially at a minimum making certain that someone on the medical staff performed the same in order to make the proper fall assessment; and

c)   Failing to properly complete patient records.

79.

As a result of the inaccurate risk assessment by Defendant Nurses, South Fulton Medical Center failed to implement immediate safety and preventative measures and precautions to

20

protect Mr. Boykin from falling- he fell which at a minimum was a substantial contributing factor to his untimely death.

80.

Defendants Nurse(s) had a duty to monitor the condition of Mr. Boykin's while he was a patient at South Fulton Medical Center in August 2006.

81.

On August 27 through August 28, 2008, Defendant Nurse(s) breached that duty by failing to: properly monitor the condition of Mr. Boykin, leaving him unattended for hours, and not performing a timely fall assessment.

82.

As a direct and proximate result of the negligence of Defendant Nurses, Mr. Boykin suffered a severe and deadly head injury.

83.

The negligence of the medical staff of South Fulton Medical Center including that of Defendant Nurse(s) and other agents, employees, and servants of South Fulton Medical Center acting within the scope of their employment as stated above, was the proximate cause of the death of Mr. Boykin.

84.

The above named Defendant Nurses are liable in damages to the Plaintiff for their professional negligence and South Fulton Medical Center is liable in damages to the Plaintiff *respondeat superior* for the professional negligence of its agents, employees, and servants acting within the scope of their employment.

---

[7] It is believed that two (2) of the three John Doe(s) may be nurse employees of South Fulton Medical Center.

85.

Plaintiff has attached to this Complaint, in compliance with O. C. G. A. § 9-11-9.1, and hereby incorporate by reference within this Complaint, the signed and sworn affidavits of two (2) licensed and practicing doctors, Berkman Gordon and David E. Strong, are attached hereto as Attachment "A" and Attachment "B." Said doctors' opinions, after review of the certified medical records are:

86.

The treatment afforded Mr. Boykin by the medical staff of Tenet South Fulton, Inc. d/b/a South Fulton Medical Center and/or South Fulton Medical Center, L.L.C, including that of Defendant Nurses and other agents, employees, and servants of Tenet South Fulton, Inc. d/b/a South Fulton Medical Center and/or South Fulton Medical Center, L.L.C acting within the scope of their employment, was negligent and fell below the standard of medical care adhered to by physicians, nurses, and hospitals generally under like circumstances, in the following areas:

     (a)    Defendant Nurses performed an untimely and inaccurate risk assessment of Mr. Boykin resulting in a failure to implement safety and preventive measures for Mr. Boykin. An accurate fall risk assessment would have more likely triggered the implementation of appropriate safety measures and prevented the harm to Mr. Boykin.

     (b)    As a result of the inaccurate risk assessment by Defendants Nurse(s) failed to implement immediate safety and preventative measures and precautions to protect Mr. Boykin from injury. Implementation of safety and preventative measures would have more likely than not prevented the

22

injury suffered by Mr. Boykin from incurring the injuries he did as a result of the fall.

(c)     Defendant Nurses failed to properly monitor the condition of Mr. Boykin and left him unattended for hours. A routine observation and constant monitoring of the condition of Mr. Boykin's would have more likely than not prevented the injury sustained, to include but not limited to the death of Mr. Boykin.

## COUNT IV – NEGLIGENCE-
## DEFENDANT SOUTH FULTON MEDICAL CENTER

87.

Plaintiff incorporates and re-alleges each and every allegation contained in Paragraph one (1) through eighty-seven (87) above as if fully set out herein.

88.

Under Count IV for Negligence, Defendant South Fulton Medical Center owed to Christopher Boykin a degree of care which is exercised by ordinarily prudent persons under the same or similar circumstances. The absence of such a degree of care is Negligence.

89.

Defendant South Fulton Medical Center deviated from and fell below this degree of care employed by ordinarily prudent persons under same or similar circumstances.

90.

The treatment afforded to Christopher Boykin was negligent due to the fact that Defendant South Fulton Medical Center acting through its agents and/or employees, including

23

but not limited to Defendant Nurse Small and Defendant Lavenhouse, failed to access and properly supervise Mr. Boykin leading to a fall.

91.

Defendant South Fulton Medical Center's negligence was a direct and proximate cause of Christopher Boykin's death which shortly after his fall on the Defendant South Medical Center's premises.

92.

Defendant South Fulton Medical Center is vicariously liable for the actions of its employees.

93.

As a result of the Defendant's negligence which led to Christopher Boykin's death, Defendant South Fulton Medical Center is liable in damages to the Plaintiff.

## COUNT V – NEGLIGENCE- DEFENDANT SOUTH FULTON MEDICAL CENTER

94.

Plaintiff incorporates and re-alleges each and every allegation contained in Paragraph one (1) through ninety-four (94) above as if fully set out herein.

95.

Under Count V for Negligence, Defendant South Fulton Medical Center owed to Christopher Boykin a degree of care which is exercised by ordinarily prudent persons under the same or similar circumstances. The absence of such a degree of care is Negligence.

24

96.

Defendant South Fulton Medical Center deviated from and fell below this degree of care employed by ordinarily prudent persons under same or similar circumstances by not following its own protocol.

97.

The treatment afforded to Christopher Boykin was negligent due to the fact that Defendant South Fulton Medical Center acting through its agents and/or employees failed to follow the hospital's protocol.

98.

Defendant South Fulton Medical Center's negligence was a direct and proximate cause of Christopher Boykin's death which shortly after his fall on the Defendant South Medical Center's premises.

99.

Defendant South Fulton Medical Center is vicariously liable for the actions of its employees.

100.

As a result of the Defendant's negligence which led to Christopher Boykin's death, Defendant South Fulton Medical Center is liable in damages to the Plaintiff.

## COUNT VI - NEGLIGENCE - DEFENDANT SMALLS

101.

Plaintiff incorporates and re-alleges each and every allegation contained in Paragraph one (1) through one hundred and one (101) above as if fully set out herein.

25

102.

Under Count VI for Negligence, Defendant Nurse Smalls owed to Christopher Boykin a degree of care which is exercised by ordinarily prudent persons under the same or similar circumstances. The absence of such a degree of care is Negligence.

103.

Defendant Nurse Smalls deviated from and fell below this degree of care employed by ordinarily prudent persons under same or similar circumstances.

104.

The treatment afforded to Christopher Boykin by Defendant Nurse Smalls was negligent due to the fact that Defendant breached her duty of care to Mr. Boykin by negligently failing to perform a fall assessment and/or prevent Mr. Boykin from sustaining a fall.

105.

Defendant Smalls' negligence was a direct and proximate cause of Christopher Boykin's death.

106.

As a result of the Defendant's negligence which led to Christopher Boykin's death, Defendant Smalls is liable in damages to the Plaintiff.

107.

Moreover, Nurse Smalls was negligent in her recordkeeping as it relates to Mr. Boykin.

26

## COUNT VII - RESPONDEANT SUPERIOR-
## DEFENDANT SOUTH FULTON

108.

Plaintiff incorporates and re-alleges each and every allegation contained in Paragraph one (1) through one hundred and eight (108) above as if fully set out herein.

109.

Under Count VII for Respondeant Superior, the negligence of the medical staff of the Defendant South Fulton Medical Center, including that of Defendant Lavenhouse, Defendant Smalls and/or Defendants John Does 1 through 3 and any other agents, employees, and servants of South Fulton Medical Center acting within the scope of their employment as stated above, was a contributing and proximate cause of the death of Mr. Boykin.

110.

As such, Defendant South Fulton Medical Center is liable in damages to the Plaintiff under the theory of *respondeat superior* for the professional negligence of its agents, employees, and servants acting within the scope of their employment.

## COUNT VIII - RESPONDEANT SUPERIOR-
## DEFENDANT APOLLO MD

111.

Plaintiff incorporates and re-alleges each and every allegation contained in Paragraph one (1) through one hundred and ten (110) above as if fully set out herein.

112.

Under Count VIII for Respondeant Superior, the negligence of Defendant Lavenhouse and/or Defendant John Does 1 through 3 and any other agents, employees, and servants of

27

Apollo MD acting within the scope of their employment as stated above, was a contributing and proximate cause of the death of Mr. Boykin.

113.

As such, Defendant Apollo MD is liable in damages to the Plaintiff under the theory of *respondeat superior* for the professional negligence of its agents, employees, and servants acting within the scope of their employment.

## COUNT IX - FRAUD- NURSE SMALLS

114.

Plaintiff incorporates and re-alleges each and every allegation contained in Paragraph one (1) through one hundred and thirteen (113) above as if fully set out herein.

115.

Under Count VII for Fraud, Defendant Smalls owed to Christopher Boykin's Estate a duty to accurately record facts regarding Christopher Boykin's treatment at the South Fulton Medical Center.

116.

Defendant Smalls knowingly and recklessly misrepresented facts in medical records regarding Christopher Boykin's treatment at the South Fulton Medical Center with the knowledge that Christopher Boykin's Estate and Mrs. Boykin would rely upon those records.

117.

As a direct and proximate result of the misrepresentation of facts by Defendant Smalls, Christopher Boykin's Estate and Mrs. Boykin are left with an inaccurate account of his treatment at the South Fulton Medical Center.

28

118.

In accordance with O.C.G.A. § 51-6-1, damages resulting from Fraud give a right of action to Mr. Boykin's Estate.

119.

The above named Defendant is liable in damages to the Plaintiff due to her fraudulent misrepresentation.

## COUNT X
## ALL OTHER CAUSES OF ACTION

120.

Plaintiff incorporates and re-alleges each and every allegation contained in Paragraph one (1) through one hundred and nineteen (119) above as if fully set out herein.

121.

Plaintiffs reserve the right to amend this Complaint with further causes of action as becomes available to the Plaintiffs against these Defendants and other foreseeable Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Annie Carter Boykin prays as follows:

(a)     That judgment be entered against Defendants in an amount sufficient to compensate for the medical expenses incurred by Christopher Boykin;

(b)     That judgment be entered against Defendants in an amount sufficient to compensate for the physical pain and suffering and untimely death experienced by Christopher Boykin;

29

(c)     That judgment be entered against Defendants in an amount sufficient to compensate for the loss of consortium, loss of society, loss of companionship, loss of services, pain and suffering, loss of enjoyment of aspects of life, loss of self esteem, lost earning capacity and other damages that Plaintiffs suffered and will continue to suffer;

(d)     That judgment be entered against Defendants in an amount sufficient to compensate for the wrongful death of Christopher Boykin;

(e)     That all costs be taxed against Defendants and prejudgment interest be awarded;

(g)     That Plaintiffs have trial by jury;

(h)     That Plaintiffs have such other and further relief as this Court deems just and proper in an amount in excess of $10,000.

## JURY DEMAND

Plaintiff, demands that all issues of fact in this case be tried before a properly impaneled jury of twelve members.

**[SIGNATURE ON NEXT PAGE]**

30

This 27th day of August, 2008.

Respectfully submitted,

Derric Crowther
Georgia Bar No.: 198838
**Attorneys for Plaintiff**

**CROWTHER & ASHBY, P.C.**
191 Peachtree Tower
191 Peachtree Street
Suite 3910
Atlanta , GA 30303
404-923-7470 (T)
404-923-7475 (F)

Eugene Felton, Jr.
Georgia State Bar No.: 257840
**THOMAS, MEANS, GILLIS & SEAY, P.C.**
191 Peachtree Tower
191 Peachtree Street, N.E.
Suite 3550
(404) 222-8400 (T)
(404) 222-0080(F)

31

## IN THE STATE COURT OF FULTON COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| Annie Carter Boykin, Individually and | ) | |
| As Surviving Spouse of Christopher Boykin, | ) | |
| And as Administrator for the | ) | |
| Estate of Christopher Boykin | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| ' | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **FILE NO. _____** |
| | ) | |
| Tenet South Fulton, Inc. d/b/a/ | ) | |
| South Fulton Medical Center, | ) | **JURY TRIAL DEMANDED** |
| South Fulton Medical Center, L.L.C. | ) | |
| Clifton Lavenhouse, M.D., | ) | |
| Apollo MD, L.L.C., Apollo MD Physician | ) | |
| Services GA, L.L.C., Apollo MD Physician | ) | |
| Services NC, L.L.C, Renee Smalls, R.N., | ) | |
| John Doe 1, M.D., and | ) | |
| John Does 2-3. | ) | |
| | ) | |
| **Defendants.** | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this date prepared the **PLAINTIFF'S ORIGINAL COMPLAINT**
to be served upon all parties to this matter, through Fulton County Sheriff and Ancillary Legal
Corporation.

**[SIGNATURE ON NEXT PAGE]**

32

Respectfully submitted this 27th day of August, 2008.

_Derric Crowther_
Derric Crowther
Georgia Bar No.: 198838
**Attorneys for Plaintiff**

**CROWTHER & ASHBY, P.C.**
191 Peachtree Tower
191 Peachtree Street
Suite 3910
Atlanta , GA 30303
404-923-7470 (T)
404-923-7475 (F)

Eugene Felton, Jr.
Georgia State Bar No.: 257840
**THOMAS, MEANS, GILLIS & SEAY, P.C.**
191 Peachtree Tower
191 Peachtree Street, N.E.
Suite 3550
(404) 222-8400 (T)
(404) 222-0080(F)

# ATTACHMENT "A"

STATE OF GEORGIA
COUNTY OF FULTON

### AFFIDAVIT OF BERKMAN GORDAN, M.D.

Personally appeared before the undersigned officer duly authorized to administer

oaths, Berkman Gordon, M.D., who after being duly sworn, deposes and says as follows:

1.

My name is Berkman Gordon, and I am over the age of twenty-one (21) years old,

suffer no legal disabilities, and I am competent to give this Affidavit. I give this

Affidavit based upon my personal knowledge following my review of the medical

records, documents and things referenced below, and based upon my education, training,

and experience. The statements contained in this Affidavit are true and correct to the best

of my knowledge and belief.

2.

I am a medical doctor licensed to practice medicine in the State(s) of: Georgia,

Illinois and Indiana. Within medicine I practice the specialty of Emergency Room and

Family Medicine. I am board certified. I have experience and I practice(d) as a medical

doctor in both Emergency Room medicine and Family medicine for at least three (3) of

the last five (5) years. A copy of my *curriculum vitae* is attached to this Affidavit as

Exhibit "A," and is incorporated by reference as if fully set forth herein.

3.

This Affidavit is also based upon my personal knowledge, obtained through my

education, training and experiences as a licensed medical doctor and the facts shown

1

within the following medical records, documents, and things, which I have reviewed to include but not limited to:

(a)    Medical records for Christopher M. Boykin (hereinafter "Mr. Christopher Boykin" or "Mr. Boykin") represented to be available from South Fulton Medical Center.

4.

Through education, training, and experience, I am familiar with that degree of skill and care employed by physicians, physician assistants, registered nurses, licensed practical nurses and medical technicians generally under similar conditions and like surrounding circumstances as the facts which are presented in the above-mentioned medical records which I have reviewed. Based upon my education, background, training, and experience and my familiarity with the standards of care applicable to physicians, physicians assistants, registered nurses, licensed practical nurses and medical technicians generally under similar conditions and like surrounding circumstances as those presented by Mr. Boykin's, when he presented to South Fulton Medical Center on August 27, 2006, and their actual agents and/or apparent agents and/or ostensible agents and/or employees, including, but without limitation, Defendant Clifton Lavenhouse, M.D. and South Fulton Medical Center Professional Medical Staff beginning on or about August 27, 2006 and my review of the above-mentioned medical records, documents, and things, I make the following observations and state the following opinions.

5.

On or about August 27, 2006, at 6:14 p.m., Christopher M. Boykin arrived at the Emergency Department of South Fulton via ambulance from the Atlanta Airport

2

complaining of: generalized weakness, associated diaphoresis, right sided facial droop, no associated slurred speech but difficulty to ambulate.

6.

The patient was verbally responsive upon presentation to the emergency room.

7.

Upon arrival to the Emergency Department, according to emergency medical services records, the patient was alert and oriented but there was obvious right-sided facial droop. Mr. Christopher M. Boykin was treated by emergency physician, Defendant Clifton Lavenhouse, M.D., while in the South Fulton Medical Center Emergency Department.

8.

On August 27, 2006, at 7:51 p.m., CT Scan of Christopher M. Boykin head was ordered by Defendant Lavenhouse.

9.

Said CT Scan of Christopher Boykin head taken on August 27, 2006 revealed: subtle hypodensity/loss of gray white junction in right frontal cortex, no bleeding noted.

10.

Radiology interpreted the scan as: possible old lacunar infarct in the right lobe with a small area of possible lacunar infarct in the left aspect of the brainstem.

11.

At 8:47 p.m., 325 mg of Aspirin and Metoprolol 5 mg was ordered by Dr. Lavenhouse.

12.

At or about 8:49 p.m., Dr. Osignuga seemingly admitted Christopher Boykin to his service, and care of said patient should have been transferred.

13.

At 9:34 p.m., Defendant Lavenhouse ordered Heparin Bolus 5000 units IVP now x 1; and Heparin Protocol 15u/kg/hr for patient, Christopher Boykin.

3

At 9:38 p.m., Tylenol 1 gram oral was ordered by Defendant Lavenhouse.

15.

No Morse Fall Scale/Risk Screening was performed upon admission and/or on August 27, 2006 at all. Said fall screening was seemingly taken after Mr. Christopher Boykin had fallen.

16.

Moreover, during initial evaluation, patient, Christopher Boykin gait was not tested.

17.

Within six (6) hours of being admitted, Christopher Boykin became more mentally altered and delirious and was found on the floor trying to ambulate.

18.

On the morning of August 28, 2006, Christopher Boykin developed an acute decrease in mental status after a reported fall, which is documented by several consulting physicians. Specifically, Neuro-surgeon Dr. Sandea Grenne states: "During his hospital stay, patient sustained a fall and then had a decrease in mental status."

19.

As a result of the fall, which seemingly occurred on the morning of August 28, 2006, Christopher Boykin, an in-patient, assigned to a room at South Fulton Medical Center, underwent an additional CT Scan.

20.

Computed tomography scan (CT Scan) was performed after the fall and revealed: a significant amount of mass effect, right to left shift of about three (3) centimeters; and a large (8x5x6cm bleed ~ 96cc) bleed in the right frontal region with ventricular extension.

21.

Surgical drainage of the bleed (an emergency craniotomy for evacuation of hematoma) was performed.

4

22.

Surgical Pathology revealed: "fresh blood" and "tiny bone fragment" which would be consistent with a recent hard fall.

23.

As a result of the bleed in Christopher Boykin head/brain, on August 28, 2006, Heparin was stopped and seemingly reversed with FFP (Note: this is the wrong reversal drug).

24.

At or about 10:26 p.m. on August 28, 2006, patient was unable to sign his own signature due to "decrease in mental status."

25.

On August 28, 2006, post surgical procedure, Christopher Boykin was taken to the ICU where he was a "grossly unresponsive gentleman, incubated, and on ventilator."

26.

At or about this time, Dr. Agbogu discontinued the aspirin which Defendant Lavenhouse originally ordered and administered to Christopher Boykin.

27.

Note of August 30, 2006, Dr. Akinwole Awujo was consulted and found that Christopher Boykin was suffering from anemia related to bleeding.

28.

On August 31, 2006, at or about 6:30 a.m., Christopher Boykin experienced a cardiac arrest and was pronounced dead at 6:47 a.m.

29.

At all times material hereto, including, but not limited to, Clifton Lavenhouse, M.D., acting directly and/or acting through his actual agents and/or apparent agents and/or ostensible agents and/or employees, including without limitation, any and all physicians, physicians assistant, certified registered nurse anesthetists (CRNA), registered nurses, licensed practical nurses, and medical technicians who rendered care to Christopher Boykin at Defendant Tenet South Fulton, Inc. d/b/a South Fulton Medical

5

Center ("Tenet", or "South Fulton Medical Center") at all times material hereto owed to Christopher Boykin a duty to exercise that degree of skill and care employed by like emergency room physicians, other medical physicians, physician assistants, certified registered nurse anesthetists (CRNA), registered nurses, licensed practical nurses, medical technicians, and other health care providers, generally under similar conditions and like surrounding circumstances in their diagnosis, care and treatment of Mr. Christopher Boykin.

30.

It is my professional opinion, to a reasonable degree of medical certainty, that Clifton Lavenhouse, M.D., acting directly and/or acting though his actual agents and/or apparent agents and/or ostensible agents and/or employees, including without limitation, any and all physicians, physicians assistants, certified registered nurse anesthetists (CRNA), registered nurses, licensed practical nurses, and medical technicians who rendered care to Christopher Boykin at South Fulton Medical Center, at all times, material hereto deviated and departed from the standard of care applicable to physicians, physicians assistants, certified registered nurse anesthetists (CRNA), registered nurses, licensed practical nurses, and medical technicians and/or other medical professionals in general under similar conditions and like surrounding circumstances as presented herein with respect to their medical care and treatment of Christopher Boykin and deviated, departed, and fell below the degree of care and skill required of physicians, physicians assistants, certified registered nurse anesthetists (CRNA), registered nurses, licenses practical nurses, and medical technicians an/or other medical professionals in general under similar conditions and like surrounding circumstances in their care and treatment of Christopher Boykin as follows, beginning on or about August 27, 2006 and ending on or about August 31, 2006.

31.

It is my professional opinion, to a reasonable degree of medical certainty, that emergency room physician Clifton Lavenhouse, M.D., deviated, departed and fell below the degree of care and skill required of physicians, under similar conditions and like

6

4) Failing to perform a "gait" test on the patient initial at a minimum making certain that someone on the medical staff performed the same in order to make the proper fall assessment;

5) Failing to do a neurological consult[1];

6) Failing to ensure adequate supervision of Mr. Boykin thus allowing Mr. Boykin's to fall; and

7) Administering Heparin to this patient.

32.

It is my professional opinion, within a reasonable degree of medical certainty, that Clifton Laverhouse, M.D., acting directly and/or acting through their actual agents and/or apparent agents and/or ostensible agents and/or employees, including without any limitation, any and all physicians, physicians assistants, certified registered nurse anesthetists (CRNA), registered nurses, licensed practical nurses, and medical technicians who rendered care to Christopher Boykin at South Fulton Medical Center at all times material hereto, through the negligent actions and omissions described above, directly

---

[1] Moreover, Mr. Boykin's neurological status should have been watched more closely and a neurosurgical consultation should have been performed immediately, considering Mr. Boykin's apparent neurological problems. Mr. Boykin's should have been monitored more closely at a minimum and if the hospital did not have adequate staff taken to the ICU or remained in the Emergency Department where he could be more closely monitored.

surrounding circumstances (the "standard of care") in his care and treatment of

Christopher Boykin as follows; specifically, by:

1)   Failing to properly diagnose the patient; specifically, patient was diagnosed
     as CVA vs. Stroke or TIA;

2)   Failing to diagnose and treat the medical condition of Mr. Boykin;

3)   Failing to perform an initial fall assessment (Morse Fall Scale/Risk
     Screening) considering the patient's weak state and difficulty ambulating

surrounding circumstances (the "standard of care") in his care and treatment of

Christopher Boykin as follows; specifically, by:

1) Failing to properly diagnose the patient; specifically, patient was diagnosed as CVA vs. Stroke or TIA;

2) Failing to diagnose and treat the medical condition of Mr. Boykin;

3) Failing to perform an initial fall assessment (Morse Fall Scale/Risk Screening) considering the patient's weak state and difficulty ambulating upon initial presentation to the Emergency Department;

4) Failing to perform a "gait" test on the patient initially at a minimum making certain that someone on the medical staff performed the same in order to make the proper fall assessment;

5) Failing to do a neurological consult[1];

6) Failing to ensure adequate supervision of Mr. Boykin thus allowing Mr. Boykin's to fall; and

7) Administering Heparin to this patient.

### 32.

It is my professional opinion, within a reasonable degree of medical certainty, that Clifton Lavenhouse, M.D., acting directly and/or acting through their actual agents and/or apparent agents and/or ostensible agents and/or employees, including without any limitation, any and all physicians, physicians assistants, certified registered nurse anesthetists (CRNA), registered nurses, licensed practical nurses, and medical technicians who rendered care to Christopher Boykin at South Fulton Medical Center at all times material hereto, through the negligent actions and omissions described above, directly

---

[1] Moreover, Mr. Boykin's neurological status should have been watched more closely and a neurosurgical consultation should have been performed immediately, considering Mr. Boykin's apparent neurological problems. Mr. Boykin's should have been monitored more closely at a minimum and if the hospital did not have adequate staff taken to the ICU or remained in the Emergency Department where he could be more closely monitored.

and proximately cause and/or contributed to cause Christopher Boykin's pain and suffering, medical expenses, disability, and his untimely death on August 31, 2006.

33.

It is further my profession opinion, to a reasonable degree of medical certainty, and a reasonable degree of medical probability, that had the deviations and departures from the standard of care stated above not occurred, that is, had the standard of care been complied with by the party referred to above, then it is more likely than not that Christopher Boykin, a patient at South Fulton Medical Center, would not have suffered the blunt trauma to his head, physical pain and suffering, and suffered other injuries and damages, and would not have died as a consequence thereof on August 31, 2006.

34.

This Affidavit is based upon my own personal knowledge and upon my review of the aforementioned records and documents. It is not the purpose of this Affidavit to set forth each and every criticism that I may have now, or may have in the future, based upon further review of the information concerning the care and treatment of Christopher Boykin while a patient at South Fulton Medical Center; rather the purpose of this Affidavit is to comply with the requirements of O.C.G.A §9-11-9.1 that one act or omission of negligence be identified and set forth against each negligent party in order for the Plaintiff to file a Complaint in this action against each negligent party and for any and all purposes allowed by law. It is not intended, nor does this Affidavit encompass all of the opinions I have formed or may form in the future as further information becomes available. Rather as discovery progresses, I reserve the right to formulate new opinions and modify existing opinions specific to Clifton Lavenhouse, M.D., as further date is discovered.

35.

South Fulton Medical Center and the medical professionals treating Christopher Boykin at South Fulton Medical Center at all times material hereto owed to Mr. Boykin a duty to exercise that degree of skill and care employed by like physicians, physician

8

assistants, certified registered nurse anesthetists (CRNA), registered nurses, licensed practical nurses, medical technicians, and other health care providers, generally under similar conditions and like surrounding circumstances in their diagnosis, care and treatment of Mr. Boykin.

36.

It is my professional opinion, to a reasonable degree of medical certainty, that emergency room professionals, to include but not limited to nurses, deviated, departed and fell below the degree of care and skill required of physicians, under similar conditions and like surrounding circumstances (the "standard of care") in his care and treatment of Christopher Boykin as follows; specifically, by:

1) Failing to perform an initial fall assessment (Morse Fall Scale/Risk Screening) considering the patient's weak state and difficulty ambulating upon initial presentation to the Emergency Department;

3) Failing to perform a "gait" test on the patient initially at a minimum making certain that someone on the medical staff performed the same in order to make the proper fall assessment; and

4) Failing properly complete patient medical records.

37.

It is further my profession opinion, to a reasonable degree of medical certainty, and a reasonable degree of medical probability, that had the medical professionals at South Fulton Medical Center not deviated and departures from the standard of care stated in treating Mr. Boykin and had the standard of care been complied with by the party referred to above, then it is more likely than not that Christopher Boykin, a patient at South Fulton Medical Center, would not have suffered the blunt trauma to his head, physical pain and suffering, and suffered other injuries and damages, and would not have died an untimely death on August 31, 2006.

9

38.

This Affidavit is based upon my own personal knowledge and upon my review of the aforementioned medical records. It is not the purpose of this Affidavit to set forth each and every criticism that I may have now, or may have in the future, based upon further review of the information concerning the care and treatment of Mr. Boykin; rather the purpose of this Affidavit is to comply with the requirements of O.C.G.A §9-11-9.1 that one act or omission of negligence be identified and set forth against each negligent party in order for the Plaintiff to file a Complaint in this action against each negligent party and for any and all purposes allowed by law. It is not intended nor does this Affidavit encompass all of the opinions I have formed or may form in the future as further information becomes available. Rather as discovery progresses, I reserve the right to formulate new opinions and modify existing opinions as further date is discovered.

**FURTHER AFFIANT SAYETH NOT.**

Berkman Gordon, M.D.

Sworn to and subscribed before me
This 16 day of August, 2008.

Notary Public
My Commission Expires: 4|2|2011

NOTARY PUBLIC STATE OF GEORGIA AT LARGE
MY COMMISSION EXPIRES: April 2, 2011
BONDED THRU NOTARY PUBLIC UNDERWRITERS

10

# BERKMAN OLONZO GORDON, MD, MPH

**P.O. Box 2341  •  Decatur, Georgia 30031-2341  •  (404) 822-0871**

OBJECTIVE

A staff or contract position in  Emergency Medicine

SUMMARY

- Over 14 years full time experience in Emergency Medicine
- Board Certified in Family Medicine through December 2010
- Diplomate, American Board of Family Practice

EDUCATION

**July 1995 – June 1997**
**Loyola University Medical Center, Chicago, Illinois**
**Nuclear Medicine Residency**
*Completed two years – achieving competence in the practice of Nuclear Medicine.*

**July 1992 – June 1995**
**Morehouse School of Medicine, Atlanta, Georgia**
**Family Medicine Residency**
*Served as Chief Resident, Department of Family Medicine, 1994-1995.*
*Developed and wrote international health rotation curriculum for residents and students.*

**May 1988 – May 1990**
**Emory University School of Public Health, Atlanta, Georgia**
**Master of Public Health degree in Health Administration**
*Emphasis on cost-benefit planning and implementation, and Strategic Health Plan*
*Development*

**September 1977 – December 1982**
**University of the West Indies, Mona, Jamaica**
**Bachelor of Medicine and Bachelor of Surgery degrees**
*Received honors in Pharmacology.*

**August 1974 – May 1977**
**Culver-Stockton College, Canton, Missouri**
*Completed undergraduate academic work; degree formally awarded in 1981, with*
*Honors.*

PROFESSIONAL EXPERIENCE

**March 1994 – present**
**Emergency Room and Urgent Care Physician in several Georgia and**
**Illinois healthcare institutions.** *Responsible for managing and delivering medical care*
*in emergency department/urgent care settings*
- *Family Medicine experience during and after residency*

**May 1991 – May 1992**
**Senior Research Project Coordinator, Department of Psychiatry, Emory University**
**School of Medicine.** *Substance Abuse/HIV Prevention Program Evaluation and DFCS*
*Staff Training Coordinator. Co-authored unpublished research study evaluating a*
*federally funded project for Prevention of Child Abandonment and Substance Abuse in*
*Pregnancy. Project Prevent, Grady Memorial Hospital, Atlanta, Georgia.*
- *Co-authored 2 evaluation studies of HIV Prevention Programs with Outreach Inc.*

**January 1983 – April 1988**
**Senior House Officer, Princess Margaret Hospital, Nassau, Bahamas.**
*Gained extensive experience in the following services:*

> Neurosurgery-5 mos • Emergency Medicine-9 mos • General Surgery/w
> Urology-15 mos • Pediatrics-3 mos • Obstetrics/Gynecology-3 mos •
> Orthopedic Surgery-15 mos • Internal medicine-3 mos • Otalaryngology-3 mos
> • Anatomic pathology- 6mos

LICENSURE AND CERTIFICATION

Board certified in Family Medicine, until December 2010
Board eligible in Emergency Medicine, March 2000
Board eligible in Nuclear Medicine, June 1997
Indiana Medical License, current
Illinois Medical License, current
Georgia Medical License, current
Current DEA, ATLS, PALS and ACLS Certifications
ECFMG Certification, July 1991
FLEX Certification, December 1989

REFERENCES AVAILABLE UPON REQUEST

# ATTACHMENT "B"

STATE OF FLORIDA
COUNTY OF COLLIER

### AFFIDAVIT OF DAVID E. STRONG, M.D.

Personally appeared before the undersigned officer duly authorized to administer oaths, David E. Strong M.D., who after being duly sworn, deposes and says as follows:

1.

My name is David E. Strong, M.D., and I am over the age of twenty-one (21) years old, suffer no legal disabilities, and I am competent to give this Affidavit. I give this affidavit based upon my personal knowledge following my review of the medical records, documents and things referenced below, and based upon my education, training, and experience. The statements contained in this Affidavit are true and correct to the best of my knowledge and belief.

2.

I am a medical doctor licensed to practice medicine in the State of Florida. Within medicine I practice the specialty of Emergency Medicine. I am board certified in Emergency Medicine. I have actively practiced in and treated patients in Emergency Departments full-time for at least three of the last five years. A copy of my *curriculum vitae* is attached to this Affidavit as Exhibit "A", and is incorporated by reference as if fully set forth herein.

3.

Moreover, this Affidavit is based upon my personal knowledge, obtained through my education, training and experiences as a licensed medical doctor and the facts shown within the following medical records, documents, and things, which I have reviewed to include but not limited to:

(a)    Medical records for Christopher M. Boykin represented to be available from South Fulton Medical Center (South Fulton) from August 27, 2006 through August 31, 2006;

4.

Through education, training and experience, I am familiar with that degree of skill and care employed by physicians, physician assistants, certified registered nurse anesthetists, registered nurses, licensed practical nurses, and medical technicians

generally under similar conditions and like surrounding circumstances as those presented by Christopher M. Boykin, when he presented to the South Fulton, and their actual agents and/or apparent agents and/or ostensible agents and/or employees, beginning on or about August 27, 2006 and my review of the above-mentioned medical records, documents, and things, I make the following observations and state the following medical opinions.

5.

On or about August 27, 2006, at 6:14 p.m., Christopher M. Boykins arrived at the Emergency Department of South Fulton complaining of: generalized weakness, associated diaphoresis, right sided facial droop, no associated slurred speech but difficulty to ambulate.

6.

The patient was verbally responsive upon presentation to the emergency room; however, the emergency department nurse noted that Christopher Boykin speech was slurred.

7.

Upon arrival to the Emergency Department, according to emergency medical services records, the patient was alert and oriented but there was obvious right-sided facial droop.  Mr. Christopher M. Boykins was treated by emergency physician, Defendant Clifton Lavenhouse, M.D., while in the South Fulton Medical Center Emergency Department.

8.

On August 27, 2006, at 7:51 p.m., CT Scan of Christopher M. Boykin head was ordered by Defendant Lavenhouse.

9.

Said CT Scan of Christopher Boykin head taken on August 27, 2006 revealed: subtle hypodensity/loss of gray white junction in right frontal cortex, no bleed noted.

10.

Radiology interpreted the scan as: possible old lacunar infarct in the right lobe with a small area of possible lacunar infarct in the left aspect of the brainstem.

11.

At 8:47 p.m., 325 mg of Aspirin and Metoprolol 5 mg was ordered by Dr. Lavenhouse.

12.

At or about 8:49 p.m., seemingly Dr. Osignuga admitted Christopher Boykin, to his service and care of said patient should have been transferred.

13.

At 9:34 p.m., Defendant Lavenhouse ordered Heparin Bolus 5000 units IVP now x 1; and Heparin Protocol 15u/kg/hr for Christopher Boykin.

14.

At 9:38 p.m., Tylenol 1 gram oral was ordered by Defendant Lavenhouse.

15.

No Morse Fall Scale/Risk Screening was performed upon admission and/or on August 27, 2006 at all. Said fall screening was seemingly taken after Mr. Christopher Boykin had fallen.

16.

Moreover, during initial evaluation, patient, Christopher Boykin gait was not tested.

17.

There is no record of insulin being administered within the certified copy of Christopher Boykin records.

18.

Within six (6) hours of being admitted, Christopher Boykin became more mentally altered and delirious and was found on the floor trying to ambulate.

19.

On the morning of August 28, 2006, Christopher Boykin developed an acute decrease in mental status after a reported fall, which is documented by several consulting

physicians. Specifically, Neuro-surgeon Dr. Sandea Grenne states: "During his hospital stay, patient sustained a fall and then had a decrease in mental status."

20.

As a result of the fall, which seemingly occurred on the morning of August 28, 2006, Christopher Boykin, an in-patient, assigned to a room at South Fulton Medical Center, underwent an additional CT Scan.

21.

Computed tomography scan (CT Scan) was performed after the fall and revealed: a significant amount of mass effect, right to left shift of about three (3) centimeters; and a large (8x5x6cm bleed ~ 96cc) bleed in the right frontal region with ventricular extension.

22.

Surgical drainage of the large bleed (an emergency craniotomy for evacuation of hemotoma) was performed.

23.

Surgical Pathology revealed: "fresh blood" and "tiny bone fragment" which would be consistent with a recent hard fall.

24.

As a result of the large bleed in Christopher Boykin head/brain, on August 28, 2006, Heparin was stopped and seemingly reversed with FFP.

25.

At or about 10:26 p.m. on August 28, 2006, patient was unable to sign his own signature due to "decrease in mental status."

26.

On August 28, 2006, post surgical procedure, Christopher Boykin was taken to the ICU where he was a "grossly unresponsive gentleman, incubated, and on ventilator."

27.

At this time, Dr. Agbogu discounted the aspirin which Defendant Lavenhouse originally ordered and administered to Christopher Boykin.

28.

Note of August 30, 2006, Dr. Akinwole Awujo was consulted and found that Christopher Boykin was suffering from anemia related to bleeding.

29.

On August 31, 2006, at or about 6:30 a.m., Christopher Boykin experienced a cardiac arrest and was pronounced dead at 6:47 a.m.

30.

At all times material hereto, including, but not limited to, Clifton Lavenhouse, M.D., acting directly and/or acting through his actual agents and/or apparent agents and/ or ostensible agents and/or employees, including without limitation, any and all physicians, physicians assistant, certified registered nurse anesthetists (CRNA), registered nurses, licensed practical nurses, and medical technicians who rendered care to Christopher Boykin at Defendant Tenet South Fulton, Inc. d/b/a South Fulton Medical Center ("Tenet", or "South Fulton Medical Center") at all times material hereto owed to Christopher Boykin a duty to exercise that degree of skill and care employed by like emergency room physicians, other medical physicians, physician assistants, certified registered nurse anesthetists (CRNA), registered nurses, licensed practical nurses, medical technicians, and other health care providers, generally under similar conditions and like surrounding circumstances in their diagnosis, care and treatment of Mr. Christopher Boykin.

31.

It is my professional opinion, to a reasonable degree of medical certainty, that Clifton Lavenhouse, M.D., acting directly and/or acting though his actual agents and/or apparent agents and/or ostensible agents and/or employees, including without limitation, any and all physicians, physicians assistants, certified registered nurse anesthetists (CRNA), registered nurses, licensed practical nurses, and medical technicians who rendered care to Christopher Boykin at South Fulton Medical Center, at all times, material hereto deviated and departed from the standard of care applicable to physicians,

physicians assistants, certified registered nurse anesthetists (CRNA), registered nurses, licensed practical nurses, and medical technicians and/or other medical professionals in general under similar conditions and like surrounding circumstances as presented herein with respect to their medical care and treatment of Christopher Boykin and deviated, departed, and fell below the degree of care and skill required of physicians, physicians assistants, certified registered nurse anesthetists (CRNA), registered nurses, licenses practical nurses, and medical technicians an/or other medical professionals in general under similar conditions and like surrounding circumstances in their care and treatment of Christopher Boykin as follows, beginning on or about August 27, 2006 and ending on or about the morning of August 28, 2006.

32.

It is my professional opinion, to a reasonable degree of medical certainty, that emergency room physician Clifton Lavenhouse, M.D., deviated, departed and fell below the degree of care and skill required of physicians, under similar conditions and like surrounding circumstances (the "standard of care") in his care and treatment of Christopher Boykin as follows; specifically, by:

1) Failing to properly diagnose the patient;

2) Failing to perform an initial fall assessment (Morse Fall Scale/Risk Screening) considering the patient's weak state and difficulty ambulating upon initial presentation;

3) Failing to perform a "gait" test on the patient initially at a minimum making certain that someone on the medical staff performed the same in order to make the proper fall assessment.

33.

It is my professional opinion, within a reasonable degree of medical certainty, that Clifton Lavenhouse, M.D., acting directly and/or acting through their actual agents and/or apparent agents and/or ostensible agents and/or employees, including without any limitation, any and all physicians, physicians assistants, certified registered nurse anesthetists (CRNA), registered nurses, licensed practical nurses, and medical technicians who rendered care to Christopher Boykin at South Fulton Medical Center at all times

material hereto, through the negligent actions and omissions described above, directly and proximately cause and/or contributed to cause Christopher Boykin's pain and suffering, medical expenses, disability, and his untimely death on August 31, 2006.

34.

It is further my profession opinion, to a reasonable degree of medical certainty, and a reasonable degree of medical probability, that had the deviations and departures from the standard of care stated above not occurred, that is, had the standard of care been complied with by the party referred to above, then it is more likely than not that Christopher Boykins, at South Fulton Medical Center, would not have suffered the blunt trauma to his head, physical pain and suffering, and suffered other injuries and damages, and would not have died as a consequence thereof on August 31, 2006.

35.

This Affidavit is based upon my own personal knowledge and upon my review of the aforementioned records and documents. It is not the purpose of this Affidavit to set forth each and every criticism that I may have now, or may have in the future, based upon further review of the information concerning the care and treatment of Christopher Boykin while a patient at South Fulton Medical Center; rather the purpose of this Affidavit is to comply with the requirements of O.C.G.A §9-11-9.1 that one act or omission of negligence be identified and set forth against each negligent party in order for the Plaintiff to file a  Complaint in this action against each negligent party and for any and all purposes allowed by law.  It is not intended, nor does this Affidavit encompass all of the opinions I have formed or may form in the future as further information becomes available.  Rather as discovery progresses, I reserve the right to formulate new opinions and modify existing opinions as further date is discovered.

36.

South Fulton Medical Center and the medical professionals treating Christopher Boykin at South Fulton Medical Center at all times material hereto owed to Mr. Boykin a duty to exercise that degree of skill and care employed by like physicians, physician assistants, certified registered nurse anesthetists (CRNA), registered nurses, licensed

practical nurses, medical technicians, and other health care providers, generally under similar conditions and like surrounding circumstances in their diagnosis, care and treatment of Mr. Boykin.

37.

It is further my profession opinion, to a reasonable degree of medical certainty, and a reasonable degree of medical probability, that had the medical professionals at South Fulton not deviated and departures from the standard of care stated in treating Mr. Boykin, specifically, not supervising Mr. Boykin considering he was weak, unstable upon admission, and seen ambulating in his assigned room. Had the standard of care been complied with by the party referred to above, then it is more likely than not that Christopher Boykin, a patient at South Fulton Medical Center, would not have suffered the blunt trauma to his head, physical pain and suffering, and suffered other injuries and damages, and would not have died an untimely death on August 31, 2006.

38.

This Affidavit is based upon my own personal knowledge and upon my review of the aforementioned medical records. It is not the purpose of this Affidavit to set forth each and every criticism that I may have now, or may have in the future, based upon further review of the information concerning the care and treatment of Mr. Boykin; rather the purpose of this Affidavit is to comply with the requirements of O.C.G.A §9-11-9.1 that one act or omission of negligence be identified and set forth against each negligent party in order for the Plaintiff to file a Complaint in this action against each negligent party and for any and all purposes allowed by law. It is not intended nor does this Affidavit encompass all of the opinions I have formed or may form in the future as

further information becomes available. Rather as discovery progresses, I reserve the right to formulate new opinions and modify existing opinions as further date is discovered.

**FURTHER AFFIANT SAYETH NOT.**

David E. Strong, M.D.

## CURRICULUM VITAE

### DAVID EARL STRONG SR., M.D.
16071 SW 49th Court
Miramar, Florida 33027-4940
(954) 433-0073 home
(954) 483-7374 cellular
(954) 237-7350 fax
fourstrongllc@gmail.com

**OBJECTIVE:** To practice and learn Emergency Medicine in an environment where it is both medically and intellectually challenging

**EMPLOYMENT HISTORY:**
TeamHealth January2008-Present
Memorial Hospital Pembroke
7800 Sheridan Street
Pembroke Pines, FL 33024
(954)963-8435

Weston Emergency Physician's, LLC 2001-2007
Cleveland Clinic Hospital Florida
3100 Weston Road
Weston, Florida 33331
(954) 689-5132

Fourstrong LLC 2002-Present
CEO/Independent Contractor
Medical Consulting Company
(954) 559-0949

Qualified Emergency Specialist Inc. (QESI) 1999-2001
1219 Morts Pass
Cincinnati, Ohio 45215
(513) 948-1670

**PERSONAL DATA:**
Birth Date: December 9, 1968
Citizenship: United States
Marital Status: Married (Kimberly), two sons (David Jr., Quince)

**EDUCATION:**
Doctor of Medicine, 1996
University of Cincinnati College of Medicine
Cincinnati, Ohio

Bachelor of Science, Chemical Engineering, 1992
The Johns Hopkins University
Baltimore, Maryland

Bachelor of Arts, Natural Sciences, 1992
The Johns Hopkins University
Baltimore, Maryland

| | |
|---|---|
| **TRAINING:** | Emergency Medicine Residency Program, 1996-1999<br>St. John Hospital and Medical Center<br>Detroit, Michigan |
| **HOSPITAL APPOINTMENTS:** | Emergency Medicine Staff Physician, 1998-1999<br>St. John North Shores Hospital (Residency Moonlighting)<br>Detroit, Michigan<br>Emergency Medicine Staff Physician, 1999-2000<br>Bethesda Oak Hospital (QESI)<br>Cincinnati, Ohio<br>Emergency Medicine Staff Physician, 1999-2001<br>Good Samaritan Hospital (QESI)<br>Cincinnati, Ohio<br>Emergency Medicine Staff Physician, 1999-2001<br>Bethesda North Hospital (QESI)<br>Cincinnati, Ohio<br>Emergency Staff Physician, 1999-2001<br>Bethesda Warren County Hospital (QESI)<br>Lebanon, Ohio<br>Emergency Medicine Staff Physician, 2000- 2001<br>Mercy Franciscan Western Hills Hospital (QESI)<br>Cincinnati, Ohio<br>Emergency Medicine Staff Physician, 2000-2001<br>Mercy Franciscan Mt. Airy Hospital (QESI)<br>Cincinnati, Ohio<br>Emergency Medicine Staff Physician, 2001-2007<br>Cleveland Clinic Hospital Florida<br>Weston, Florida<br>Emergency Medicine Staff Physician, 2002-2007<br>Hollywood Medical Center (Independent Contractor)<br>Hollywood, Florida<br>Emergency Medicine Staff Physician, 2008-<br>Memorial Hospital Pembroke<br>Pembroke Pines, Florida |
| **MAJOR PROFESSIONAL SOCIETIES:** | Member Florida Medical Association 2008<br>Fellow SAEM 2007-Present<br>American College of Emergency Physicians, 1996-1999<br>Society of Academic Emergency Medicine, 1996-1999<br>Michigan College of Emergency Physicians, 1996-1999<br>Cincinnati Medical Association, 1999-2001 |
| **LICENSURE AND BOARD CERTIFICATION:** | Diplomate, American Board of Emergency Medicine, June 2001<br>Diplomate, United States Medical License Examiners, 1997<br>Michigan Medical License #4301068056, 1998<br>Michigan Pharmacy License, 1998<br>Ohio Medical License #76266, 1999<br>Florida Medical License #ME83216<br>Federal Drug Enforcement Agency License #BS5940223<br>Certified, Advanced Cardiac Life Support<br>Certified, Pediatric Advanced Life Support<br>Certified, Basic Life Support |

**SERVICE:**
Member Board of Directors James E. Scott Community Association, Inc.
Vice Chief of Administrative Duties
    Weston Emergency Physicians LLC, July 2007-January 2008
Member Board of Directors Broward Chapter of YMCA 2005-Present
Board Member James E. Scott Community Association (JESCA)
Published Journal Paper: Texas Heart Institute Journal, 2005
    Treatment of Acute ST Segment Elevation
    Myocardial Infarction Due to Left Main Coronary Artery Occlusion
Staff Training of Insulin Injections 2006
    Pembroke Pines Charter Schools
Critical Care Committee, Member 2004-2007
    Cleveland Clinic Hospital Weston, Florida
Omega Psi Phi Fraternity Inc, Member
Cincinnati Reds Fan Physician, 1999-2001
    CINERGY Field
    Cincinnati, Ohio
Xavier Men's Basketball Fan Physician, 2000-2001
    CINTAS Center
    Cincinnati, Ohio
Volunteer, Adolescent Sports Physicals, 1996-1999
    St. Joan of Arc Elementary School
    St. Claire Shores, Michigan

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
08/29/2008
CT Log Number 513805154

**TO:**  Debbie Fowler
Tenet Healthcare Corporation
13737 Noel Road, Suite 100
Dallas  TX 75240-

**RE:**  **Process Served in Georgia**

**FOR:**  TENET SOUTH FULTON, INC. (Domestic State: GA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Annie Carter Boykin Individually and As Surviving Spouse of Christopher Boykin, And as Administrator for the Estate of Christopher Boykin, Pltf. vs. John Doe 3, M.D., et al, including Tenet South Fulton, Inc., etc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Certificate of Service, Attachments |
| **COURT/AGENCY:** | Fulton County State Court, GA<br>Case # 2008EV005419 |
| **NATURE OF ACTION:** | Wrongful Death - Due to Dfts. negligence including failing to do proper admission assessment, check gait, properly complete patient records, fraud and act within the scope of their employment resuling in the death of Pltf. - Seeking in excess of $10,000.00 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Atlanta, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/29/2008 at 11:05 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | Derric Crowther<br>Crowther & Ashby, P.C.<br>191 Peachtree Tower<br>191 Peachtree Street<br>Suite 3910<br>Atlanta, GA 30303<br>404-923-7470 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 791128621346<br>Image SOP - Page(s): 61<br>Email Notification, Debbie Fowler debbie.fowler@tenethealth.com<br>Email Notification, Olga Barnea olga.barnes@tenethealth.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nicole Thompson<br>1201 Peachtree Street,N.E.<br>Atlanta, GA 30361<br>404-965-3850 |

Page 1 of  1 / MM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 21260138

Mark Harper, Clerk

# GENERAL CIVIL CASE FILING INFORMATION FORM (NON-DOMESTIC)

| COURT | COUNTY Fulton | DATE FILED 08/27/2008 |
|---|---|---|
| ☐ Superior | | |
| ☒ State | DOCKET # | |

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Boykin, Annie Carter | Tenet South Fulton, Inc. d/b/a South Fulton Medical Ct |

| Last First Middle I. Suffix Prefix Maiden | Last First Middle I. Suffix Prefix Maiden |
|---|---|
| | South Fulton Medical Center, LLC |

| Last First Middle I. Suffix Prefix Maiden | Last First Middle I. Suffix Prefix Maiden |
|---|---|
| | Apollo MD, LLC |
| | Apollo MD Physician Services GA, LLC |
| | Apollo MD Physician Services NC, LLC |

| Last First Middle I. Suffix Prefix Maiden | Last First Middle I. Suffix Prefix Maiden |
|---|---|
| | Lavenhouse, Clifton, M.D. |
| | Smalls, Renee, R.N. |
| | John Doe 1, M.D. |
| | John Doe 2- 3 |

| Last First Middle I. Suffix Prefix Maiden | Last First Middle I. Suffix Prefix Maiden |
|---|---|

No. of Plaintiffs  1

No. of Defendants  10

**Plaintiff /Petitioner's Attorney**   ☐ Pro Se
Crowther, Derric

Last   First   Middle I.   Suffix

Bar # 1998838

**Check Primary Type:** (Check Only **ONE**)

☐ Contract / Account
☐ Wills/ Estate
☐ Real Property
☐ Dispossessory / Distress
☐ Personal Property
☐ Equity
☐ Habeas Corpus
☐ Appeals /Reviews
☐ Post Judgment Garnishment, Attachment or Other Relief
☐ Non-Domestic Contempt
☒ Tort (If Tort, fill in right column)
☐ Other General Civil: Specify

**If Tort Is Case Type:** (Check No More Than **TWO**)

☐ Auto Accident
☐ Premises Liability
☒ Medical Malpractice
☐ Other Professional Negligence
☐ Product Liability
☐ Other: Specify

ARE PUNITIVE DAMAGES PLEADED? ☐ Yes ☒ No

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 21260138
Date: Aug 27 2008 5:41PM
Mark Harper, Clerk

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

**CIVIL ACTION FILE NO.** _____

*** ATTORNEYS NOTE-- DESIGNATED E-FILED CASE ****
CONTACT THE COURT AT 404.730.5040 AND
LEXISNEXIS CUSTOMER SUPPORT AT  1.888.529.7587

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ x ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _____ |
| [ ] SPECIAL LIEN | |
| ************ | |
| [ x ] NEW FILING | |
| [ ] RE-FILING:  PREVIOUS CASE NO. _____ | |

Annie Carter Boykin

3804 Cabana Club Blvd # 104

Mobile, AL 36609

Plaintiff's Name, Address, City, State, Zip Code

vs.

Clifton Lavenhouse, M.D.

228 Basset Hall Drive

Durham, NC 27713

Defendant's Name, Address, City, State, Zip Code

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name:  Crowther & Ashby, P.C.

Address:  191 Peachtree Street, NE, Suite 3910

City, State, Zip Code:  Atlanta, GA 30303  Phone No.: (404) 923-7470

An answer to the complaint which is herewith served on you, within thirty (30) days after service on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, if desired, in the Clerk's Office at 185 Central Ave., S.W., Room TG100, Atlanta, GA 30303.

This _____       ***Donna Jones-Frederick, Chief Deputy Clerk***

  If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer.  Such paragraphs undenied will be taken as true.  If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.
  If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

## SERVICE INFORMATION:
 Served , this _____ day of _____, 20_____.     _____
                                                             DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.    _____ Foreperson

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 21260138
Date: Aug 27 2008  5:41PM
Mark Harper, Clerk

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

**CIVIL ACTION FILE NO.** _____
\*\*\* ATTORNEYS NOTE-- DESIGNATED E-FILED CASE \*\*\*\*
CONTACT THE COURT AT 404.730.5040 AND
LEXISNEXIS CUSTOMER SUPPORT AT  1.888.529.7587

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [x] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| \*\*\*\*\*\*\*\*\*\*\*\* | |
| [x] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

Annie Carter Boykin
3804 Cabana Club Blvd # 104
Mobile, AL 36609
Plaintiff's Name, Address, City, State, Zip Code

vs.

Renee Smalls, R.N.
930 Stoney Creek Lane
Austell, GA 30168
Defendant's Name, Address, City, State, Zip Code

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Crowther & Ashby, P.C.

Address: 191 Peachtree Street, NE, Suite 3910

City, State, Zip Code: Atlanta, GA 30303  Phone No.: (404) 923-7470

An answer to the complaint which is herewith served on you, within thirty (30) days after service on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, if desired, in the Clerk's Office at 185 Central Ave., S.W., Room TG100, Atlanta, GA 30303.

This _____                      *Donna Jones-Frederick, Chief Deputy Clerk*

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer.  Such paragraphs undenied will be taken as true.  If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

### SERVICE INFORMATION:

Served , this ___ ____ day of _____, 20_____.      _____
                                                                                                DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.      _____ Foreperson

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 21260138
Date: Aug 27 2008 5:41PM
Mark Harper, Clerk

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

**CIVIL ACTION FILE NO.** _____

**\*\*\* ATTORNEYS NOTE-- DESIGNATED E-FILED CASE \*\*\*\***
CONTACT THE COURT AT 404.730.5040 AND
LEXISNEXIS CUSTOMER SUPPORT AT  1.888.529.7587

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [x] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _____ |
| [ ] SPECIAL LIEN | |

\*\*\*\*\*\*\*\*\*\*\*\*

[x] NEW FILING
[ ] RE-FILING: PREVIOUS CASE NO. _____

Annie Carter Boykin
3804 Cabana Club Blvd # 104
Mobile, AL 36609
Plaintiff's Name, Address, City, State, Zip Code

vs.

John Doe 1, M.D.
C/O Oladayo Osinuga, M.D.
3290 Memorial Drive, Suite A1
Decatur, GA 30032
Defendant's Name, Address, City, State, Zip Code

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name:  Crowther & Ashby, P.C.

Address:  191 Peachtree Street, NE, Suite 3910

City, State, Zip Code:  Atlanta, GA 30303  Phone No.: (404) 923-7470

An answer to the complaint which is herewith served on you, within thirty (30) days after service on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, if desired, in the Clerk's Office at 185 Central Ave., S.W., Room TG100, Atlanta, GA 30303.

This _____                    ***Donna Jones-Frederick, Chief Deputy Clerk***

  If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer.  Such paragraphs undenied will be taken as true.  If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.
  If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

### SERVICE INFORMATION:

 Served , this _____ day of _____, 20_____.    _____
                                                                   DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.    _____ Foreperson

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 21260138
Date: Aug 27 2008 5:41PM
Mark Harper, Clerk

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
*Civil Division*

**CIVIL ACTION FILE NO.** _____
*** ATTORNEYS NOTE-- DESIGNATED E-FILED CASE ****
CONTACT THE COURT AT 404.730.5040 AND
LEXISNEXIS CUSTOMER SUPPORT AT 1.888.529.7587

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [x] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| ************ | |
| [x] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

Annie Carter Boykin
3804 Cabana Club Blvd # 104
Mobile, AL 36609
Plaintiff's Name, Address, City, State, Zip Code

vs.

John Doe 2
c/o South Fulton Medical Center, LLC
C/O Penny Santhanam, CEO
859 Carnellian Lane
Peachtree City, GA 30269
Defendant's Name, Address, City, State, Zip Code

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Crowther & Ashby, P.C.

Address: 191 Peachtree Street, NE, Suite 3910

City, State, Zip Code: Atlanta, GA 30303  Phone No.: (404) 923-7470

An answer to the complaint which is herewith served on you, within thirty (30) days after service on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, if desired, in the Clerk's Office at 185 Central Ave., S.W., Room TG100, Atlanta, GA 30303.

This _____          ***Donna Jones-Frederick, Chief Deputy Clerk***

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

### SERVICE INFORMATION:
Served , this _____ day of _____, 20_____.          _____

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.          _____ Foreperson

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
*Civil Division*

**CIVIL ACTION FILE NO.** _____
*** ATTORNEYS NOTE-- DESIGNATED E-FILED CASE ****
CONTACT THE COURT AT 404.730.5040 AND
LEXISNEXIS CUSTOMER SUPPORT AT 1.888.529.7587

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [x] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| ············ | |
| [x] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

Annie Carter Boykin
3804 Cabana Club Blvd # 104
Mobile, AL 36609
Plaintiff's Name, Address, City, State, Zip Code

vs.

John Doe 3
c/o South Fulton Medical Center, LLC
C/O Penny Santhanam, CEO
859 Carnellian Lane
Peachtree City, GA 30269
Defendant's Name, Address, City, State, Zip Code

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Crowther & Ashby, P.C.

Address: 191 Peachtree Street, NE, Suite 3910

City, State, Zip Code: Atlanta, GA 30303  Phone No.: (404) 923-7470

An answer to the complaint which is herewith served on you, within thirty (30) days after service on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, if desired, in the Clerk's Office at 185 Central Ave., S.W., Room TG100, Atlanta, GA 30303.

This _____     ***Donna Jones-Frederick, Chief Deputy Clerk***

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

### SERVICE INFORMATION:

Served , this _____ day of _____, 20_____.     _____

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.     _____ Foreperson

**State Court of Fulton County**
**\*\*\*EFILED\*\*\***
LexisNexis Transaction ID: 21260138
Date: Aug 27 2008 5:41PM
Mark Harper, Clerk

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

**CIVIL ACTION FILE NO.** _____

**\*\*\* ATTORNEYS NOTE-- DESIGNATED E-FILED CASE \*\*\*\***
CONTACT THE COURT AT 404.730.5040 AND
LEXISNEXIS CUSTOMER SUPPORT AT  1.888.529.7587

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [  ] ACCOUNT | PRINCIPAL $_____ |
| [  ] CONTRACT | |
| [  ] NOTE | INTEREST $_____ |
| [ x ] TORT | |
| [  ] PERSONAL INJURY | ATTY. FEES $_____ |
| [  ] FOREIGN JUDGMENT | |
| [  ] TROVER | COURT COST $ _____ |
| [  ] SPECIAL LIEN | |
| ............ | |
| [ x ] NEW FILING | |
| [  ] RE-FILING: PREVIOUS CASE NO. _____ | |

Annie Carter Boykin
3804 Cabana Club Blvd # 104
Mobile, AL 36609
Plaintiff's Name, Address, City, State, Zip Code

vs.

John Doe 2
c/o Tenet South Fulton, Inc. d/b/a South Fulton Medical Ctr.
C/O John Holland, CEO
13737 Noel Road, Suite 100
Dallas, Texas 75240
Defendant's Name, Address, City, State, Zip Code

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

   You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name:  Crowther & Ashby, P.C.

Address:  191 Peachtree Street, NE, Suite 3910

City, State, Zip Code:  Atlanta, GA 30303  Phone No.: (404) 923-7470

An answer to the complaint which is herewith served on you, within thirty (30) days after service on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, if desired, in the Clerk's Office at 185 Central Ave., S.W., Room TG100, Atlanta, GA 30303.

This _____                    *Donna Jones-Frederick, Chief Deputy Clerk*

   If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer.  Such paragraphs undenied will be taken as true.  If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

   If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

### SERVICE INFORMATION:

Served , this _____ day of _____, 20_____.      _____

                                                                       DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:

We, the jury, find for _____

_____

This _____ day of _____, 20_____.      _____ Foreperson

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 21260138
Date: Aug 27 2008  5:41PM
Mark Harper, Clerk

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

**CIVIL ACTION FILE NO.** _____

*** ATTORNEYS NOTE-- DESIGNATED E-FILED CASE ****
CONTACT THE COURT AT 404.730.5040 AND
LEXISNEXIS CUSTOMER SUPPORT AT  1.888.529.7587

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [x] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| ************ | |
| [x] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

Annie Carter Boykin
3804 Cabana Club Blvd # 104
Mobile, AL 36609
Plaintiff's Name, Address, City, State, Zip Code

vs.

John Doe 3
c/o Tenet South Fulton, Inc. d/b/a South Fulton Medical Ctr.
C/O John Holland, CEO
13737 Noel Road, Suite 100
Dallas, Texas 75240
Defendant's Name, Address, City, State, Zip Code

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Crowther & Ashby, P.C.

Address: 191 Peachtree Street, NE, Suite 3910

City, State, Zip Code: Atlanta, GA 30303  Phone No.: (404) 923-7470

An answer to the complaint which is herewith served on you, within thirty (30) days after service on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, if desired, in the Clerk's Office at 185 Central Ave., S.W., Room TG100, Atlanta, GA 30303.

This _____          ***Donna Jones-Frederick, Chief Deputy Clerk***

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer.  Such paragraphs undenied will be taken as true.  If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

### SERVICE INFORMATION:
Served , this _____ day of _____, 20_____.          _____

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

This _____ day of _____, 20_____.     _____ Foreperson

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 21260138
Date: Aug 27 2008 5:41PM
Mark Harper, Clerk

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY
### Civil Division

**CIVIL ACTION FILE NO.** _____

**\*\*\* ATTORNEYS NOTE-- DESIGNATED E-FILED CASE \*\*\*\***
CONTACT THE COURT AT 404.730.5040 AND
LEXISNEXIS CUSTOMER SUPPORT AT  1.888.529.7587

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [x] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _____ |
| [ ] SPECIAL LIEN | |
| ************ | |
| [x] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

Annie Carter Boykin
3804 Cabana Club Blvd # 104
Mobile, AL 36609
Plaintiff's Name, Address, City, State, Zip Code

vs.

Tenet South Fulton, Inc. d/b/a South Fulton Medical Ctr.
C/O C T Corporation System
1201 Peachtree Street, NE
Atlanta, GA 30361
Defendant's Name, Address, City, State, Zip Code

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

   You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name:  Crowther & Ashby, P.C.

Address:  191 Peachtree Street, NE, Suite 3910

City, State, Zip Code:  Atlanta, GA 30303  Phone No.: (404) 923-7470

An answer to the complaint which is herewith served on you, within thirty (30) days after service on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, if desired, in the Clerk's Office at 185 Central Ave., S.W., Room TG100, Atlanta, GA 30303.

This _____              ***Donna Jones-Frederick, Chief Deputy Clerk***

   If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer.  Such paragraphs undenied will be taken as true.  If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.
   If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

## SERVICE INFORMATION:
Served , this _____ day of _____, 20_____.      _____
                                                            DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.      _____ Foreperson

State Court of Fulton County
***EFILED***

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

LexisNexis Transaction ID: 21260138
Date: Aug 27 2008 5:41PM
Mark Harper, Clerk

**STATE COURT OF FULTON COUNTY**
Civil Division

**CIVIL ACTION FILE NO.** _____
*** ATTORNEYS NOTE-- DESIGNATED E-FILED CASE ****
CONTACT THE COURT AT 404.730.5040 AND
LEXISNEXIS CUSTOMER SUPPORT AT  1.888.529.7587

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [x] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _____ |
| [ ] SPECIAL LIEN | |
| ************ | |
| [x] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

Annie Carter Boykin
3804 Cabana Club Blvd # 104
Mobile, AL 36609
Plaintiff's Name, Address, City, State, Zip Code

vs.

John Doe 1, M.D.
c/o Tenet South Fulton, Inc. d/b/a South Fulton Medical Ctr.
C/O C T Corporation System
1201 Peachtree Street, NE
Atlanta, GA 30361
Defendant's Name, Address, City, State, Zip Code

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name:  Crowther & Ashby, P.C.

Address:  191 Peachtree Street, NE, Suite 3910

City, State, Zip Code:  Atlanta, GA 30303  Phone No.: (404) 923-7470

An answer to the complaint which is herewith served on you, within thirty (30) days after service on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, if desired, in the Clerk's Office at 185 Central Ave., S.W., Room TG100, Atlanta, GA 30303.

This _____              *Donna Jones-Frederick, Chief Deputy Clerk*

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer.  Such paragraphs undenied will be taken as true.  If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

### SERVICE INFORMATION:

Served , this _____ day of _____, 20_____.

_____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.          _____ Foreperson

State Court of Fulton County
***EFILED***

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

LexisNexis Transaction ID: 21260138
Date: Aug 27 2008  5:41PM
Mark Harper, Clerk

**STATE COURT OF FULTON COUNTY**
Civil Division

**CIVIL ACTION FILE NO.** _____

**\*\*\* ATTORNEYS NOTE-- DESIGNATED E-FILED CASE \*\*\*\***
CONTACT THE COURT AT 404.730.5040 AND
LEXISNEXIS CUSTOMER SUPPORT AT  1.888.529.7587

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [x] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| ************ | |
| [x] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

Annie Carter Boykin
3804 Cabana Club Blvd # 104
Mobile, AL 36609
Plaintiff's Name, Address, City, State, Zip Code

vs.

John Doe 2
c/o Tenet South Fulton, Inc. d/b/a South Fulton Medical Ctr.
C/O C T Corporation System
1201 Peachtree Street, NE
Atlanta, GA 30361
Defendant's Name, Address, City, State, Zip Code

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name:  Crowther & Ashby, P.C.

Address:  191 Peachtree Street, NE, Suite 3910

City, State, Zip Code:  Atlanta, GA 30303  Phone No.: (404) 923-7470

An answer to the complaint which is herewith served on you, within thirty (30) days after service on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, if desired, in the Clerk's Office at 185 Central Ave., S.W., Room TG100, Atlanta, GA 30303.

This _____                    *Donna Jones-Frederick, Chief Deputy Clerk*

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer.  Such paragraphs undenied will be taken as true.  If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

### SERVICE INFORMATION:

Served , this _____ day of _____, 20_____.    _____
                                                                DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.    _____ Foreperson

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

CIVIL ACTION FILE NO. _____
*** ATTORNEYS NOTE-- DESIGNATED E-FILED CASE ****
CONTACT THE COURT AT 404.730.5040 AND
LEXISNEXIS CUSTOMER SUPPORT AT  1.888.529.7587

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ x ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _____ |
| [ ] SPECIAL LIEN | |
| ············ | |
| [ x ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

Annie Carter Boykin

3804 Cabana Club Blvd # 104

Mobile, AL 36609

Plaintiff's Name, Address, City, State, Zip Code

vs.

John Doe 3

c/o Tenet South Fulton, Inc. d/b/a South Fulton Medical Ctr.

C/O C T Corporation System

1201 Peachtree Street, NE

Atlanta, GA 30361

Defendant's Name, Address, City, State, Zip Code

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name:  Crowther & Ashby, P.C.

Address:  191 Peachtree Street, NE, Suite 3910

City, State, Zip Code: Atlanta, GA 30303  Phone No.: (404) 923-7470

An answer to the complaint which is herewith served on you, within thirty (30) days after service on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, if desired, in the Clerk's Office at 185 Central Ave., S.W., Room TG100, Atlanta, GA 30303.

This _____

*Donna Jones-Frederick, Chief Deputy Clerk*

  If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer.  Such paragraphs undenied will be taken as true.  If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.
  If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

## SERVICE INFORMATION:

Served , this _____ day of _____, 20_____.

_____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.   _____ Foreperson

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 21260138
Date: Aug 27 2008 5:41PM
Mark Harper, Clerk

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

**CIVIL ACTION FILE NO. _____**
*** ATTORNEYS NOTE-- DESIGNATED E-FILED CASE ****
CONTACT THE COURT AT 404.730.5040 AND
LEXISNEXIS CUSTOMER SUPPORT AT  1.888.529.7587

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ x ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _____ |
| [ ] SPECIAL LIEN | |

************

[ x ] NEW FILING
[ ] RE-FILING: PREVIOUS CASE NO. _____

Annie Carter Boykin
3804 Cabana Club Blvd # 104
Mobile, AL 36609
Plaintiff's Name, Address, City, State, Zip Code

vs.

Apollo MD, LLC
C/O Gerald Bortolazzo
5226 Old Mountain Lane
Powder Springs, GA 30127
Defendant's Name, Address, City, State, Zip Code

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name:  Crowther & Ashby, P.C.

Address:  191 Peachtree Street, NE, Suite 3910

City, State, Zip Code:  Atlanta, GA 30303  Phone No.: (404) 923-7470

An answer to the complaint which is herewith served on you, within thirty (30) days after service on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, if desired, in the Clerk's Office at 185 Central Ave., S.W., Room TG100, Atlanta, GA 30303.

This _____            ***Donna Jones-Frederick, Chief Deputy Clerk***

  If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer.  Such paragraphs undenied will be taken as true.  If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.
  If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

## SERVICE INFORMATION:

Served , this _____ day of _____, 20_____.        _____
                                                                                                      DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.        _____ Foreperson

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 21260138
Date: Aug 27 2008 5:41PM
Mark Harper, Clerk

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

**CIVIL ACTION FILE NO.** _____
*** ATTORNEYS NOTE-- DESIGNATED E-FILED CASE ****
CONTACT THE COURT AT 404.730.5040 AND
LEXISNEXIS CUSTOMER SUPPORT AT 1.888.529.7587

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [x] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| ************ | |
| [x] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

Annie Carter Boykin
3804 Cabana Club Blvd # 104
Mobile, AL 36609
Plaintiff's Name, Address, City, State, Zip Code

vs.

John Doe 1, M.D.
c/o Apollo MD, LLC
C/O Gerald Bortolazzo
5226 Old Mountain Lane
Powder Springs, GA 30127
Defendant's Name, Address, City, State, Zip Code

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Crowther & Ashby, P.C.

Address: 191 Peachtree Street, NE, Suite 3910

City, State, Zip Code: Atlanta, GA 30303   Phone No.: (404) 923-7470

An answer to the complaint which is herewith served on you, within thirty (30) days after service on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, if desired, in the Clerk's Office at 185 Central Ave., S.W., Room TG100, Atlanta, GA 30303.

This _____   ***Donna Jones-Frederick, Chief Deputy Clerk***

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

### SERVICE INFORMATION:

Served , this _____ day of _____, 20_____.   _____

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.   _____ Foreperson

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 21260138
Date: Aug 27 2008  5:41PM
Mark Harper, Clerk

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

STATE COURT OF FULTON COUNTY

Civil Division

CIVIL ACTION FILE NO. _____

*** ATTORNEYS NOTE-- DESIGNATED E-FILED CASE ****
CONTACT THE COURT AT 404.730.5040 AND
LEXISNEXIS CUSTOMER SUPPORT AT  1.888.529.7587

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ x ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _____ |
| [ ] SPECIAL LIEN | |
| *********** | |
| [ x ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

Annie Carter Boykin

3804 Cabana Club Blvd # 104

Mobile, AL 36609

Plaintiff's Name, Address, City, State, Zip Code

vs.

Apollo MD Physician Services GA, LLC

C/O Gerald Bortolazzo

5226 Old Mountain Lane

Powder Springs, GA 30127

Defendant's Name, Address, City, State, Zip Code

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Crowther & Ashby, P.C.

Address: 191 Peachtree Street, NE, Suite 3910

City, State, Zip Code: Atlanta, GA 30303  Phone No.: (404) 923-7470

An answer to the complaint which is herewith served on you, within thirty (30) days after service on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, if desired, in the Clerk's Office at 185 Central Ave., S.W., Room TG100, Atlanta, GA 30303.

This _____        ***Donna Jones-Frederick, Chief Deputy Clerk***

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

## SERVICE INFORMATION:

Served , this _____ day of _____, 20_____.     _____

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:

We, the jury, find for _____

_____

This _____ day of _____, 20_____.     _____ Foreperson

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 21260138
Date: Aug 27 2008  5:41PM
Mark Harper, Clerk

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

**CIVIL ACTION FILE NO.** _____

**\*\*\* ATTORNEYS NOTE-- DESIGNATED E-FILED CASE \*\*\*\***
CONTACT THE COURT AT 404.730.5040 AND
LEXISNEXIS CUSTOMER SUPPORT AT  1.888.529.7587

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [  ] ACCOUNT | PRINCIPAL $_____ |
| [  ] CONTRACT | |
| [  ] NOTE | INTEREST $_____ |
| [x] TORT | |
| [  ] PERSONAL INJURY | ATTY. FEES $_____ |
| [  ] FOREIGN JUDGMENT | |
| [  ] TROVER | COURT COST $_____ |
| [  ] SPECIAL LIEN | |
| \*\*\*\*\*\*\*\*\*\*\*\* | |
| [x] NEW FILING | |
| [  ] RE-FILING: PREVIOUS CASE NO. _____ | |

Annie Carter Boykin

3804 Cabana Club Blvd # 104

Mobile, AL 36609

Plaintiff's Name, Address, City, State, Zip Code

vs.

Apollo MD Physician Services NC, LLC

C/O Gerald Bortolazzo

5226 Old Mountain Lane

Powder Springs, GA 30127

Defendant's Name, Address, City, State, Zip Code

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name:  Crowther & Ashby, P.C.

Address:  191 Peachtree Street, NE, Suite 3910

City, State, Zip Code:  Atlanta, GA 30303  Phone No.: (404) 923-7470

An answer to the complaint which is herewith served on you, within thirty (30) days after service on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, if desired, in the Clerk's Office at 185 Central Ave., S.W., Room TG100, Atlanta, GA 30303.

This _____     *Donna Jones-Frederick, Chief Deputy Clerk*

  If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer.  Such paragraphs undenied will be taken as true.  If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.
  If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

## SERVICE INFORMATION:

  Served , this _____ day of _____, 20_____.     _____

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:

We, the jury, find for _____

_____

This _____ day of _____, 20_____.     _____ Foreperson

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 21260138
Date: Aug 27 2008  5:41PM
Mark Harper, Clerk

**GEORGIA, FULTON COUNTY**

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

**CIVIL ACTION FILE NO.** _____

**\*\*\* ATTORNEYS NOTE-- DESIGNATED E-FILED CASE \*\*\*\***
CONTACT THE COURT AT 404.730.5040 AND
LEXISNEXIS CUSTOMER SUPPORT AT  1.888.529.7587

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [x] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| ************ | |
| [x] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

Annie Carter Boykin

3804 Cabana Club Blvd # 104

Mobile, AL 36609

Plaintiff's Name, Address, City, State, Zip Code

vs.

South Fulton Medical Center, LLC

C/O Jamal Bahhurat

777 Cleveland Avenue

Atlanta, GA 30315

Defendant's Name, Address, City, State, Zip Code

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Crowther & Ashby, P.C.

Address:  191 Peachtree Street, NE, Suite 3910

City, State, Zip Code: Atlanta, GA 30303  Phone No.: (404) 923-7470

An answer to the complaint which is herewith served on you, within thirty (30) days after service on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, if desired, in the Clerk's Office at 185 Central Ave., S.W., Room TG100, Atlanta, GA 30303.

This _____                                         ***Donna Jones-Frederick, Chief Deputy Clerk***

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer.  Such paragraphs undenied will be taken as true.  If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

## SERVICE INFORMATION:

Served , this _____ day of _____, 20_____.     _____

DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:

We, the jury, find for _____

_____

This _____ day of _____, 20_____.     _____ Foreperson

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 21260138
Date: Aug 27 2008  5:41PM
Mark Harper, Clerk

GEORGIA, FULTON COUNTY                                    DO NOT WRITE IN THIS SPACE

STATE COURT OF FULTON COUNTY                    CIVIL ACTION FILE NO. _____
Civil Division                                          *** ATTORNEYS NOTE-- DESIGNATED E-FILED CASE ****
                                                        CONTACT THE COURT AT 404.730.5040 AND
                                                        LEXISNEXIS CUSTOMER SUPPORT AT  1.888.529.7587

| TYPE OF SUIT | AMOUNT OF SUIT |
| --- | --- |
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [x] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _____ |
| [ ] SPECIAL LIEN | |
| ************ | |
| [x] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

Annie Carter Boykin
3804 Cabana Club Blvd # 104
Mobile, AL 36609
Plaintiff's Name, Address, City, State, Zip Code

vs.

John Doe 1, M.D.
c/o South Fulton Medical Center, LLC
C/O Jamal Bahhurat
777 Cleveland Avenue
Atlanta, GA 30315
Defendant's Name, Address, City, State, Zip Code

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Crowther & Ashby, P.C.

Address:  191 Peachtree Street, NE, Suite 3910

City, State, Zip Code:  Atlanta, GA 30303  Phone No.: (404) 923-7470

An answer to the complaint which is herewith served on you, within thirty (30) days after service on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, if desired, in the Clerk's Office at 185 Central Ave., S.W., Room TG100, Atlanta, GA 30303.

This _____          *Donna Jones-Frederick, Chief Deputy Clerk*

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer.  Such paragraphs undenied will be taken as true.  If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.
If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

### SERVICE INFORMATION:

Served , this _____ day of _____, 20_____.          _____
                                                                        DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.     _____ Foreperson

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 21260138
Date: Aug 27 2008 5:41PM
Mark Harper, Clerk

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

## STATE COURT OF FULTON COUNTY
### Civil Division

**CIVIL ACTION FILE NO. _____**

**\*\*\* ATTORNEYS NOTE-- DESIGNATED E-FILED CASE \*\*\*\***
CONTACT THE COURT AT 404.730.5040 AND
LEXISNEXIS CUSTOMER SUPPORT AT  1.888.529.7587

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [  ] ACCOUNT | PRINCIPAL $_____ |
| [  ] CONTRACT | |
| [  ] NOTE | INTEREST $_____ |
| [ x ] TORT | |
| [  ] PERSONAL INJURY | ATTY. FEES $_____ |
| [  ] FOREIGN JUDGMENT | |
| [  ] TROVER | COURT COST $ _____ |
| [  ] SPECIAL LIEN | |

•••••••••••

[ x ] NEW FILING
[  ] RE-FILING: PREVIOUS CASE NO. _____

Annie Carter Boykin

3804 Cabana Club Blvd # 104

Mobile, AL 36609

Plaintiff's Name, Address, City, State, Zip Code

vs.

John Doe 2

c/o South Fulton Medical Center, LLC

C/O Jamal Bahhurat

777 Cleveland Avenue

Atlanta, GA 30315

Defendant's Name, Address, City, State, Zip Code

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

  You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name:  Crowther & Ashby, P.C.

Address:  191 Peachtree Street, NE, Suite 3910

City, State, Zip Code:  Atlanta, GA 30303   Phone No.: (404) 923-7470

An answer to the complaint which is herewith served on you, within thirty (30) days after service on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, if desired, in the Clerk's Office at 185 Central Ave., S.W., Room TG100, Atlanta, GA 30303.

This _____            ***Donna Jones-Frederick, Chief Deputy Clerk***

  If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer.  Such paragraphs undenied will be taken as true.  If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn.
  If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

### SERVICE INFORMATION:
  Served , this _____ day of _____, 20_____.     _____
                                                                                            DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

  WRITE VERDICT HERE:
  We, the jury, find for _____

_____

This _____ day of _____, 20_____.    _____ Foreperson

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 21260138
DO NOT WRITE IN THIS SPACE Date: Aug 27 2008  5:41PM
Mark Harper, Clerk

GEORGIA, FULTON COUNTY

STATE COURT OF FULTON COUNTY
Civil Division

CIVIL ACTION FILE NO. _____
*** ATTORNEYS NOTE-- DESIGNATED E-FILED CASE ****
CONTACT THE COURT AT 404.730.5040 AND
LEXISNEXIS CUSTOMER SUPPORT AT  1.888.529.7587

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [x] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $ _____ |
| [ ] SPECIAL LIEN | |

************

[x] NEW FILING
[ ] RE-FILING: PREVIOUS CASE NO. _____

Annie Carter Boykin
3804 Cabana Club Blvd # 104
Mobile, AL 36609
Plaintiff's Name, Address, City, State, Zip Code

vs.

John Doe 3
c/o South Fulton Medical Center, LLC
C/O Jamal Bahhurat
777 Cleveland Avenue
Atlanta, GA 30315
Defendant's Name, Address, City, State, Zip Code

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: Crowther & Ashby, P.C.

Address: 191 Peachtree Street, NE, Suite 3910

City, State, Zip Code: Atlanta, GA 30303  Phone No.: (404) 923-7470

An answer to the complaint which is herewith served on you, within thirty (30) days after service on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED**, if desired, in the Clerk's Office at 185 Central Ave., S.W., Room TG100, Atlanta, GA 30303.

This _____  ***Donna Jones-Frederick, Chief Deputy Clerk***

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer.  Such paragraphs undenied will be taken as true.  If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

### SERVICE INFORMATION:

Served , this _____ day of _____, 20_____.   _____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

_____

This _____ day of _____, 20_____.   _____ Foreperson

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the foregoing NOTICE OF REMOVAL upon all parties to this matter by depositing a true copy of same in the United States Mail, in a properly addressed envelope with adequate postage thereon to the counsel of record as follows:

**Counsel for Plaintiff:**
Derric Crowther, Esq.
Crowther & Ashby, P.C.
191 Peachtree Street, N.E.
Suite 3910
Atlanta, GA 30303

Eugene Felton, Jr., Esq.
Thomas, Means, Gillis & Seay, PC
191 Peachtree Street, N.E.
Suite 3550
Atlanta, GA 30303

**Co-Defendants Clifton Lavenhouse, M.D.,
Apollo MD, L.L.C., Apollo MD Physician
Services GA, L.L.C., and Apollo MD
Physician Services NC, L.L.C.:**
Paul Weathington, Esq.
Amy Hoffman, Esq.
Weathington Firm
191 Peachtree Street, N.W.
Suite 3900
Atlanta, GA 30303

*[Signature Page Follows]*

This 26th day of September, 2008.

Respectfully submitted,

_____

KEVIN P. RACE
Georgia Bar No. 591590
DAVID V. JOHNSON
Georgia Bar No. 393310

Counsel for Defendantd
Tenet South Fulton, Inc. d/b/a
South Fulton Medical Center
and Renee Smalls, RN

INSLEY & RACE, LLC
The Mayfair Royal – Suite 200
181 14th Street, N.E.
Atlanta, Georgia 30309
(404) 876-9818 (telephone)
(404) 876-9817 (facsimile)